Bruce C. Fox, Esquire
bruce.fox@obermayer.com
Yuanyou Yang, Esquire
sunny.yang@obermayer.com
Andrew J. Horowitz, Esquire
andrew.horowitz@obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA  15219
Tel:    (412) 566-1500
Fax:    (412) 566-1508


Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:    (510) 763-9800
Fax:    (510) 835-1417

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIEANN TALAMANTES, ROBERT CAHIGAL, HECTOR GARCIA, DEWEY TAKAGI, BRIAN HOLLIDAY, AND TINA DIEMER on behalf of themselves and all others similarly situated, | Case No.: |
| | CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | DEMAND FOR JURY TRIAL |
| PPG INDUSTRIES, INC., | |
| Defendant. | |

Plaintiffs Lucieann Talamantes, Robert Cahigal, Hector Garcia, Dewey Takagi, Brian Holliday, and Tina Diemer state as follows:

## NATURE OF THE ACTION

1.      This class/collective action case arises out of AkzoNobel/PPG's ("PPG") systemic unlawful treatment of Plaintiffs and other similarly situated current and former Business Development Representatives who worked for PPG in Home Depot stores ("BDRs"). Plaintiffs allege that they and BDRs throughout the United States: (i) were misclassified as exempt from the overtime protections of the federal Fair Labor Standards Act ("FLSA"); (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law, and (iii) are entitled to liquidated damages pursuant to the FLSA.

2.      Additionally, Plaintiffs Talamantes, Cahigal, Garcia, Takagi, and Diemer ("California Plaintiffs") allege that they and other BDRs in California (i) were misclassified as exempt from the overtime protections of California Labor Code; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law; (iii) are entitled to meal and rest period premiums under Labor Code section 226.7 for PPG's failure to provide meal or rest periods as required by the applicable Wage Order; (iv) are entitled to waiting time penalties under Labor Code section 203 for PPG's failure to pay for all hours worked at the time of termination of employment (for those who are no longer employed by PPG); (v)  are entitled to statutory damages for PPG's failure to provide accurate itemized wage statements under Labor Code section 226; (vi) are entitled to civil penalties under the Labor Code Private Attorney General Act ("PAGA") , and (vii) are entitled to restitution and an injunction under the Unfair Competition Law ("UCL") Business and Professions Code section 17200 et seq..

## THE PARTIES

3.      Plaintiff Lucieann Talamantes is an adult individual residing in Turlock, California. Talamantes has been employed by PPG and its predecessor as a BDR beginning on April 7, 1997.

495669.2

Talamantes remains employed by PPG as a BDR. She covers twelve Home Depot stores for PPG between Turlock, California and lower Sacramento, California.

4.     Plaintiff Robert Cahigal is an adult individual residing in Menifee, California.  Cahigal has been employed by PPG as a BDR since 2000.  He covers 12 Home Depot stores for PPG in southern Orange County, California.

5.     Plaintiff Hector Garcia is an adult individual residing in San Jose, California.  Since July 17, 2007, Garcia has been employed by PPG and/or its predecessors as a BDR.  He covers 10 Home Depot stores for PPG between East San Jose, Santa Clara, San Leandro, and Livermore, California.

6.     Plaintiff Dewey Takagi is an adult individual residing in San Jose, California.  Takagi has been employed by PGG as a BDR since on or about August, 2008. He covers 10 Home Depot stores for PPG between San Jose and Monterey, California.

7.     Plaintiff Brian Holliday is an adult individual residing in Dardenne Prairie, Missouri. Since March 19, 1981, Holliday has been working for PPG as a Home Depot BDR.

8.     Plaintiff Tina Diemer is an adult individual residing in Temecula, California.  Diemer worked for PPG as a Home Depot BDR from May 2009 to May 2012 covering stores in Palm Springs, Yuma and surrounding areas in California.

9.     Defendant PPG Industries, Inc. ("PPG") is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania.  Defendant maintains its Corporate Headquarters at One PPG Place, Pittsburgh, Pennsylvania 15272. At all relevant times, PPG has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.     On April 2, 2013, Plaintiffs became employees of PPG pursuant to an acquisition agreement between AkzoNobel and PPG.

11.     Upon information and belief, PPG has assumed responsibility for all preexisting liabilities of AkzoNobel, including Plaintiffs' claims in this action, pursuant to the acquisition agreement.

**JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has diversity jurisdiction over the subject matter of California Plaintiffs' California state law claims under 28 U.S.C. 1332(d) because at least one member of the plaintiff class is a citizen of a state different from PPG's state of citizenship, and, upon information and belief, the matter in controversy exceeds $5,000,000.  Additionally, this Court has supplemental jurisdiction over the subject matter of California Plaintiffs' California state law claims, under 28 U.S.C. 1367(a), because they are so related to the FLSA claims as to form part of the same case or controversy.

13.     This Court has jurisdiction over the Defendant, because Defendant is a person having sufficient minimum contacts with the Northern District of California so as to render the exercise of jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and substantial justice.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**FACTUAL BASIS OF PLAINTIFFS' CLAIMS**

16.     Defendant PPG manufactures paints and stains for consumer use under the registered trade names, Glidden Paints and Glidden Stains.

17.     Glidden Paints and Stains are sold at Home Depot Home Center Stores throughout the country.

18.     PPG employs BDRs, including the Plaintiffs, to be responsible for inventory management, event and brand marketing and product training within as many as eighteen assigned Home Depot stores within a designated geographic region.

19.     The principal job duties of BDRs are to make sure that Glidden Paints and Stains are properly stocked, priced and displayed within the shelf space PPG has negotiated at each of the BDRs' assigned stores.

20.     BDRs also provide basic product knowledge training sessions to store personnel and engage in in-store sales conversations with Home Depot customers.

495669.2

21.     The following tasks are included in a BDR's responsibilities at a Home Depot store and take up the majority of their work time:

a.     Filling the Glidden Chip Rack and placing the required stripe card order;

b.     Replenishing all the Glidden Point-of-Sale items;

c.     Placing rebate and/or promotional materials (which are created by PPG's marketing team, not by BDRs) on the Glidden "Planograms."

d.     Maintaining the Glidden Planogram's integrity;

e.     Down-stocking and replenishing the Glidden Planograms from top-stock and back-stock;

f.     Checking and, as needed, correcting Home Depot inventory counts for Glidden products that are in error;

g.     Building displays, end caps and stack-outs, which were displays for Glidden paint;

h.     Training Home Depot Associates on basics of the Glidden products using instructions supplied by PPG;

i.     Cross-merchandising Glidden products;

j.     Working the Paint Desk with the Home Depot Paint Associates, who, in turn, sell to Home Depot customers, by mixing paint and checking out paint customers;

k.     Interacting with the Home Depot Paint Department and Contractor Desk Associates, who, in turn, sell to Contractors;

l.     Working Home Depot tent sales and trailer events (often on weekends and holidays);

m.     Completion of any SFA (sales force activity) projects assigned to stores by the due date;

n.     Product assortment changes and physically re-setting the Glidden bays to new "planograms".  This includes moving the steel shelving, rearranging all products on the shelves, and re-labeling each product with price tags;

495669.2

1                o.      Transferring product between stores in the company vehicle to satisfy inventory

2  needs; and,

3                p.      Traveling distances to assist fellow BDR's in other states with job duties.

4      22.     Additional duties of BDRs include:

5                a.      Handling consumer complaints including on-site technical investigations;

6                b.      Participating in and preparing for large scale Home Depot Merchant "Walks"

7  which revolved around regional and national management from both Home Depot and PPG;

8                c.      Traveling to and attending regional and national sales meetings; and,

9                d.      Traveling to and attending trainings on new Glidden products.

10     23.     Although BDRs have a number of job duties, as outlined above, those responsibilities

11  require no technical or specialized skills and no capital investment.

12     24.     BDRs, in fact, do not have any managerial responsibilities.  Nor do they have the

13  authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of

14  other employees.

15     25.     In reality, BDRs do not exercise any independent judgment in carrying out their duties,

16  which are instead dictated and monitored by Managers of Regional Sales based on directives from

17  executive and marketing personnel of PPG.

18     26.     BDRs' principal duties consist of manual labor and individual retail sales.  They spend

19  the majority of their working hours performing such tasks.

20     27.     BDRs' duties do not relate directly to PPG's management policies or general business

21  operations.

22     28.     BDRs do not have the authority to formulate policy or operating procedures.

23     29.     BDRs do not have the authority to negotiate on behalf of or bind PPG on significant

24  matters.

25     30.     PPG willfully and deliberately misclassified the BDRs as employees exempt from the

26  overtime provisions of both the FLSA, and for California BDRs, exempt from the overtime provisions

27  of the California Labor Code and Wage Order, during at least four years prior to the filing of this

28

495669.2

Complaint up until April 2013, when PPG reclassified BDRs as non-exempt from overtime after the acquisition.

31.     There were no substantial changes to the job duties of BDRs after PPG's reclassification.

32.     During the relevant time period, PPG was well aware that the BDRs worked on average well over 50 hours per week, excluding driving time.

33.     As a result of a reduction in force in February, 2012, remaining BDRs were required to work longer hours to compensate for the organization's decreased staffing.

34.     Based on this willful misclassification, PPG justified requiring BDRs like the Plaintiffs to work hours well in excess of 40 per week during the relevant time period, without any compensation (straight time or overtime) for hours beyond forty per week, in violation of the FLSA.

35.     BDRs often spent four hours or more each day on compensable travel time beyond the hours worked in the Home Depot stores.  Due to PPG's misclassification of the BDRs as exempt employees, these employees were not compensated at all for such travel time during the relevant time period, let alone as overtime.

36.     BDRs were also expected to perform additional job functions and engage in other indispensable activities, including certain administrative tasks, outside of the eight hours of in-store time, which consumed several hours a week. Due to PPG's misclassification of the BDRs as exempt employees, this time was also uncompensated work time.

37.     BDRs were expected to be available by cell phone on a 24/7 basis – even during vacations – and were frequently required to take calls during evening and weekend hours.

38.     PPG did not compensate BDRs for time spent commuting to and from the various Home Depot stores, even where such travel time was "all in the day's work", as contemplated by 29 C.F.R. § 785.38.

39.     Nor did PPG compensate BDRs for any portion of the time those employees spent commuting between their homes and the first or last Home Depot store serviced by them on a given workday, even where such commute time far exceeded one hour.

495669.2

40. BDRs were also expected to unpack, organize and repack various merchandising materials for Glidden products (prepared by PPG's marketing staff, not by the BDRs themselves) at their own house, outside of the eight hours of in-store time.

41. Moreover, BDRs regularly hauled the above referenced merchandising materials for the Glidden products to the stores, as required by their jobs.

42. BDRs also used their driving time to make and receive phone calls related to their work-activities.

43. Prior to April 2013, BDRs received no overtime premium contemporaneously with their regular salaries when they worked more than forty hours per week. California BDRs also received no overtime premium contemporaneously with their regular salaries when they worked more than eight hours per day.

44. Therefore, BDRs were only compensated for forty (40) hours of work per week. All other time that they spent working was uncompensated.

45. PPG failed to maintain accurate and sufficient time records for the BDRs, including the Plaintiffs. Furthermore, upon information and belief, PPG has not maintained time records for the BDRs during the relevant time period for time they spent working outside of the Home Depot stores, including but not limited to time spent on administrative tasks at home and drive time.

46. Until April 2013, PPG failed to provide 30 minute off duty meal periods to California BDRs for every five hours of work.

47. Until April 2013, PPG failed to provide a ten minute rest period to California BDRs for every shift from three and one-half hours to six hours in length, two ten minute rest periods for every shift of more than six hours up to ten hours, and three ten minute rest periods for shifts of more than ten hours up to fourteen hours.

48. Until April 2013, PPG failed provide California BDRs with accurate itemized wage statements under Labor Code section 226 showing gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

495669.2

**NATIONWIDE COLLECTIVE ACTION ALLEGATIONS**

49.     Pursuant to 29 U.S.C. § 216, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by PPG as Home Depot Team BDRs in the United States at any time since three years prior to the filing of this Complaint to April 1, 2013 (the "Collective Action Period") who were not paid for hours actually worked as well as for overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

50.     There are numerous similarly situated current and former BDRs throughout the country who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

51.     Plaintiffs and other BDRs are similarly situated because they all had similar duties; performed similar tasks; were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically and properly exempted thereunder; were not so exempted; were subjected to similar pay plans; were required, suffered, or permitted to work, and did work, in excess of forty hours per week; and were not paid at a rate of one and one-half times their respective correct regular rates of pay for all such overtime hours worked.

**CALIFORNIA CLASS ACTION ALLEGATIONS**

52.     Plaintiffs Talamantes, Cahigal, Garcia, Takagi, and Diemer ("California Plaintiffs") seek to proceed as a class action with regard to Plaintiffs' California law claims, pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class of persons:

> All persons employed by PPG within the State of California as a Home Depot Business Development Representative at any time within the four years prior to the filing of the Complaint in this action.

53.     The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are presently within the sole custody and/or control of the Defendant, upon information and belief, PPG has employed over 100 Home Depot Team BDRs in California within the last four years.

495669.2

54.     Upon information and belief, a number of BDRs have left employment with PPG during the four years prior to the filing of this Complaint.  Most of these BDRs would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

55.     The California Plaintiffs will fairly and adequately protect the interests of the putative California class and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  California Plaintiffs have no interest that is contrary to or in conflict with those of the California class.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual California class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the California class members to individually seek redress for the wrongs done to them.

57.     Common questions of law and fact predominate in this action because PPG has acted on grounds generally applicable to all members. Among the questions of law and fact common to the California Plaintiffs and California class members are:

a.     Whether PPG employed the California Plaintiffs and California class members within the meaning of the FLSA;

b.     Whether PPG willfully misclassified California Plaintiffs and California class members as exempt from the overtime provisions of the FLSA and California law;

c.     Whether PPG failed to pay California Plaintiffs and California class members for all hours worked and whether they received no compensation, as well as no overtime compensation, for hours worked in excess of forty hours per workweek and hours worked in excess of eight hours per day, in violation of the FLSA and/or California law;

d.     What proof of hours is sufficient where the employer fails in its duty to maintain accurate time records within the meaning of the FLSA;

e.     Whether PPG failed to pay all wages due to former employees in the California class at the time of their termination;

495669.2

1          f.      Whether PPG failed to provide accurate itemized wage statements to California

2  Plaintiffs and California class members;

3          g.      Whether PPG's conduct is "unlawful," "unfair," or "fraudulent" under California

4  Business & Professions Code § 17200 et seq.;

5          h.      Whether injunctive relief, restitution and other equitable remedies, and penalties

6  are warranted;

7          i.      Whether PPG is liable for all damages and prejudgment interest claimed

8  hereunder; and,

9          j.      Whether PPG is liable for costs and attorneys' fees.

10     58.     California Plaintiffs know of no difficulty that might be encountered in the management

11  of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### [Fair Labor Standards Act]

14     59.     Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and

15  incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

16     60.     During the Collective Action Period, PPG has been, and continues to be, an employer

17  engaged in interstate commerce and/or the production of goods for commerce, within the meaning of

18  the FLSA.

19     61.     During the Collective Action Period, PPG employed, and/or continues to employ,

20  Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

21     62.     During the Collective Action Period, PPG has had annual gross revenues in excess of

22  $500,000.

23     63.     The Plaintiffs expressly consent in writing to be a party to this action, pursuant to

24  29 U.S.C. § 216(b).

25     64.     During the Collective Action Period, PPG had a policy and practice of misclassifying

26  Home Depot BDRs, including Plaintiffs and the Collective Action Members, as exempt under the

27  FLSA.

28

495669.2

65.     During the Collective Action Period, PPG had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Home Depot BDRs for hours worked in excess of forty hours per workweek.

66.     During the Collective Action Period, PPG had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Home Depot BDRs for hours worked during which they were not "logged in" to a Home Depot store.

67.     As a result of PPG's willful failure to compensate its Home Depot BDRs, including Plaintiffs and the Collective Action Members, for all the hours worked by them, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, PPG has violated and continues to violate the FLSA, including §§ 207(a)(1) and 215(a).

68.     As a result of PPG's misclassification of its Home Depot BDRs and its attendant failure to record, report, credit and/or compensate the Plaintiffs and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

70.     Due to PPG's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendant their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

**SECOND CAUSE OF ACTION**
**[Cal. Labor Code §§ 510, 558 and 11984 *et seq.***
**and Wage Order No. 7-2001]**

71.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

72.     Since at least four years prior to the filing of this Complaint until April 2013, PPG required California Plaintiffs and California class members to work in excess of eight (8) hours per

495669.2

workday and forty (40) hours per workweek.  However, PPG failed to fully pay the overtime wages that California Plaintiffs and California class members earned.

73.     California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

74.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

75.     During all relevant times, PPG knowingly and willfully failed to pay overtime earned and due to California Plaintiffs and California class members.  PPG's conduct deprived California Plaintiffs and California class members of full and timely payment for all overtime hours worked in violation of the California Labor Code.

76.     California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

### THIRD CAUSE OF ACTION
**Failure to Provide Mandated Meal Periods**
**[Cal. Labor Code §§ 226.7 and 512, and Wage Order No. 7-2001]**

77.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

78.     California Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

79.     The applicable Wage Order states in pertinent part, "No employer shall employ any person for a work period of more than give (5) hours without a meal period of not less than 30 minutes . . . .  If an employer fails to provide an employee a meal period in accordance with the

495669.2

applicable provision of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."  Labor Code § 226.7(a) explains that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

80.     Since at least four years prior to the filing of this action until April 2013, PPG failed to provide California Plaintiffs and California class members meal periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001 because PPG classified them as exempt from the meal period requirements.

81.     As a result of PPG's willful and unlawful failure to provide California Plaintiffs and California class members mandated meal periods, California Plaintiffs and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

82.     California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Mandated Rest Periods**
**[Cal. Labor Code § 226.7, and Wage Order Nos. 7-2001]**

83.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

84.     The applicable Wage Order states in pertinent part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."  Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

495669.2

85.     Since at least four years prior to the filing of this action until April 2013, PPG failed to provide California Plaintiffs and California class members rest periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001 because PPG classified them as exempt from the rest period requirements.

86.     As a result of PPG's willful and unlawful failure to provide California Plaintiffs and California class members mandated rest periods, California Plaintiffs and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, plus interest thereon, attorneys' fees and costs.

87.     California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**FIFTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 226 and 226.3, and Wage Order Nos. 7-2001]**

88.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

89.     California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.

90.     During the period four years prior to the filing of this Complaint until April 2013, PPG willfully failed to furnish California Plaintiffs and California class members, upon each payment of compensation, itemized wage statements accurately showing, at a minimum:  gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

91.     During all relevant times, California Plaintiffs and California class members were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

495669.2

92.     California Labor Code § 226(e) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation, up to $4,000.  Pursuant to Labor Code § 226(g), California Plaintiffs and California class members are entitled to injunctive relief to ensure PPG's compliance with Labor Code § 226.

93.     California Plaintiffs and California class members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

94.     California Plaintiffs, on behalf of themselves and similarly situated California members, also requests further relief as described below.

## SIXTH CAUSE OF ACTION
### Failure to Pay All Wages Upon Termination
### [Cal. Labor Code §§ 201, 202, 203, and 256, and Wage Order No. 7-2001]

95.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

96.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

97.     Where an employer willfully fails to pay discharged or quitting employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

98.     During all relevant times, PPG knowingly and willful violated California Labor Code §§ 201 and 202 by failing to pay California Plaintiffs and California class members who are no longer employed by PPG all wages owed as alleged herein.  PPG is therefore liable to California Plaintiffs and California class members who are no longer employed by PPG for waiting time penalties as required by California Labor Code § 203.

99.     California Plaintiffs, on behalf of themselves and similarly situated California members, also requests further relief as described below.

495669.2

**SEVENTH CAUSE OF ACTION**
**Unfair Competition Law Violations**
**[Cal. Business & Professions Code § 17200 *et seq.*]**

100.    California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

101.    California Business & Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

102.    California Plaintiffs bring this cause of action individually and as representatives of all others subject to PPG's unlawful acts and practices.

103.    During the four years prior to the filing of this Complaint until April 2013, PPG committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  PPG's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep required payroll records, and failing to pay all wages upon termination in violation of California law and/or the FLSA.

104.    As a result of this unlawful and/or unfair and/or fraudulent business practice, PPG reaped unfair benefits and illegal profits at the expense of California Plaintiffs and California class members. PPG must disgorge these ill-gotten gains and restore California Plaintiffs and California class members all wrongfully withheld wages, including, but not limited to overtime compensation.

105.    California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**EIGHTH CAUSE OF ACTION**
**Violation of the Private Attorney General Act ("PAGA")**
**[Cal. Labor Code § 2698 *et seq.*]**

106.    California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

16

495669.2

107. California Plaintiffs ("PAGA Plaintiffs") are "aggrieved employees" under PAGA as they were employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, they seek to recover, on behalf of themselves and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

108. PAGA Plaintiffs seek to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims is not required, but PAGA Plaintiffs may choose to seek certification of the PAGA claims.

109. PAGA Plaintiffs are also entitled to recover for themselves, other aggrieved employees, and the State of California, civil penalties pursuant to California Labor Code § 210 in the amount of $100 per employee per initial violation of the timely payment requirements of California Labor Code § 204 and $200 per employee for each subsequent violation, plus 25% of the amount unlawfully withheld.

110. PAGA Plaintiffs seek to pursue remedies pursuant to PAGA for the following violations.

111. Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

112. Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days. Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty (30) days pay as waiting time under the terms of Labor Code § 203.

113. California Labor Code § 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

17

495669.2

employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

114.    Under Labor Code § 1174.5, PPG is subject to a civil penalty of five hundred dollars ($500) for failing to keep records as required by section 1174(d).

115.    Labor Code § 2698 et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 204, 226.7, 510, 512, 1174, 1194, 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

116.    PAGA Plaintiffs have fully complied with the procedural requirements specified in California Labor Code § 2699.3 as to each of the alleged violations.  A true and correct copy of the cover letter sent via certified mail to the Defendant and California's Labor and Workforce Development Agency (LWDA) is attached as Exhibit 1.  The LWDA has provided no notice to Plaintiffs within 33 calendar days of the postmark date of that notice regarding its intentions to investigate or not investigate Plaintiffs' claims.  Accordingly, Plaintiffs may commence this action pursuant to Labor Code section 2699.

117.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  PAGA Plaintiffs' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public.  Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  PAGA Plaintiffs are incurring a financial burden in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, inter alia, California Labor Code § 2699.

118.    As a result of the violations alleged, PAGA Plaintiffs, as aggrieved employees on behalf of themselves and other aggrieved employees employed by Defendant, seek all civil penalties available pursuant to California Labor Code § 2699, including all civil penalties, attorneys' fees, expenses, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, respectfully request that this Court grant the following relief:

1.      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to opt into this proceeding and appointing Plaintiffs and their counsel to represent the Collective Action Members;

2.      Certification of this action as a class action pursuant to Rule 23 for the California class members, and appointing California Plaintiffs as Class Representatives and their attorneys as Class Counsel.

3.      Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and California law;

4.      Award of unpaid wages, as well as all overtime compensation, due under the FLSA and California law to Plaintiffs, the Collective Action Members, and the California class members;

5.      Award of liquidated damages to Plaintiffs and Collective Action Members as a result of PPG's willful failure to pay for all wages dues as well as overtime compensation pursuant to the FLSA;

6.      Award of meal and rest period premiums to California Plaintiffs and California class members for PPG's failure to provide meal and rest periods;

7.      Award of damages under California Labor Code section 226 for PPG's failure to provide accurate itemized wage statements;

8.      Award of waiting time penalties under California Labor Code section 203 for PPG's failure to pay former employees all wages due at the time of termination of employment;

9.      Award of pre-judgment and post-judgment interest;

10.     Enjoin PPG from violating California law as alleged above;

11.     Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

12.     Such other relief as this Court deems just and proper.

495669.2

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on claims so triable.

Dated:  October 7, 2013                    Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

_____/s/ Laura L. Ho_____
Laura L. Ho

Attorneys for Plaintiffs and the Putative Class

FIRST AMENDED COMPLAINT FOR DAMAGES

495669.2

# EXHIBIT 1

**FILE COPY**



Shareholders
David Borgen
Linda M. Dardarian
Laura L. Ho

**Goldstein, Borgen,
Dardarian & Ho**

Of Counsel
Barry Goldstein
Morris J. Baller
Roberta L. Steele

August 30, 2013

<u>**Certified Mail, Return Receipt Requested**</u>

Secretary Marty Morgenstern
California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA  95814

     Re:     *<u>Labor Code Private Attorney General Act Notice</u>*

Dear Secretary Morgenstern:

      This letter is to provide notice of claims for penalties under the Labor Code Private Attorneys General Act, as amended, Labor Code § 2699.3.

      This firm, along with the law firm Obermayer Rebmann Maxwell & Hippel, represents aggrieved employees Lucieann Talamantes, Robert Cahigal, Hector Garcia, and Dewy Takagi, who all have worked for PPG Industries, Inc. ("PPG") in California within the last year.  The aggrieved employees are filing a putative class action against PPG for failure to pay overtime and other alleged violations of the California Labor Code.   Attached hereto is the Complaint in the action, which sets forth the facts and theories to support the alleged violations.  The aggrieved employees plan to bring claims under the Private Attorney General Act ("PAGA") to recover penalties on behalf of all aggrieved employees for PPG's violations of California law as set forth in the Complaint.[1]

---

[1] Without limitation, the aggrieved employees, if permitted, will seek any and all penalties otherwise capable of being collected by the Labor Commissioner, the Department of Labor Standards Enforcement and/or the California Labor and Workforce Development Agency.  These include, each of the following, as is set forth in Labor Code Section 2699.5, which states:

    The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions:  subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026,

Secretary Marty Morgenstern                    -2-                    August 30, 2013

     The aggrieved employees hereby invite the Labor and Workforce Development Agency to take any action it deems appropriate.

                    Very truly yours,

                    Laura L. Ho

LLH/jvd

cc:    Glen Bost, II (Certified Mail, Return Receipt Requested)
       Senior VP and General Counsel
       PPG Industries, Inc.
       One PPG Place
       Pittsburgh, PA  15272

---

(continued...)

     1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (1) and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

1  Bruce C. Fox, Esquire
   bruce.fox@obermayer.com
2  Yuanyou Yang, Esquire
   sunny.yang@obermayer.com
3  Andrew J. Horowitz, Esquire
   andrew.horowitz@obermayer.com
4  OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
   BNY Mellon Center, Suite 5240
5  500 Grant Street
   Pittsburgh, PA  15219
6  Tel:   (412) 566-1500
   Fax:   (412) 566-1508
7
   Laura L. Ho (SBN 173179)
8  lho@gbdhlegal.com
   GOLDSTEIN, BORGEN, DARDARIAN & HO
9  300 Lakeside Drive, Suite 1000
   Oakland, CA  94612
10 Tel:   (510) 763-9800
   Fax:   (510) 835-1417
11
   Attorneys for Plaintiffs and the Putative Class
12

13                   **UNITED STATES DISTRICT COURT**

14                 **NORTHERN DISTRICT OF CALIFORNIA**

15

16  LUCIEANN TALAMANTES, ROBERT          Case No.:
    CAHIGAL, HECTOR GARCIA, DEWEY
17  TAKAGI, AND BRIAN HOLLIDAY, on behalf  CLASS, COLLECTIVE, AND
    of themselves and all others similarly situated,  REPRESENTATIVE ACTION

18        Plaintiffs,                     **COMPLAINT FOR DAMAGES**

19  vs.                                   DEMAND FOR JURY TRIAL

20  PPG INDUSTRIES, INC.,

21        Defendant.

22

23

24

25

26

27

28

Plaintiffs Lucieann Talamantes, Robert Cahigal, Hector Garcia, Dewey Takagi, and Brian Holliday, state as follows:

## **NATURE OF THE ACTION**

1.      This class/collective action case arises out of AkzoNobel/PPG's ("PPG") systemic unlawful treatment of Plaintiffs and other similarly situated current and former Business Development Representatives who worked for PPG in Home Depot stores ("BDRs").  Plaintiffs allege that they and BDRs throughout the United States: (i) were misclassified as exempt from the overtime protections of the federal Fair Labor Standards Act ("FLSA"); (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law, and (iii) are entitled to liquidated damages pursuant to the FLSA.

2.      Additionally, Plaintiffs Talamantes, Cahigal, Garcia, and Takagi ("California Plaintiffs") allege that they and other BDRs in California (i) were misclassified as exempt from the overtime protections of California Labor Code; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law; (iii) are entitled to meal and rest period premiums under Labor Code section 226.7 for PPG's failure to provide meal or rest periods as required by the applicable Wage Order; (iv) are entitled to waiting time penalties under Labor Code section 203 for PPG's failure to pay for all hours worked at the time of termination of employment (for those who are no longer employed by PPG); (v)  are entitled to statutory damages for PPG's failure to provide accurate itemized wage statements under Labor Code section 226; (vi) are entitled to civil penalties under the Labor Code Private Attorney General Act ("PAGA") , and (vii) are entitled to restitution and an injunction under the Unfair Competition Law ("UCL") Business and Professions Code section 17200 et seq..

## **THE PARTIES**

3.      Plaintiff Lucieann Talamantes is an adult individual residing in Turlock, California. Talamantes has been employed by PPG and its predecessor as a BDR beginning on April 7, 1997. Talamantes remains employed by PPG as a BDR. She covers twelve Home Depot stores for PPG

between Turlock, California and lower Sacramento, California, including stores located in San Francisco, California.

4.      Plaintiff Robert Cahigal is an adult individual residing in Menifee, California.  Cahigal has been employed by PPG as a BDR since 2000.  He covers 12 Home Depot stores for PPG in southern Orange County, California.

5.      Plaintiff Hector Garcia is an adult individual residing in San Jose, California.  Since July 17, 2007, Garcia has been employed by PPG and/or its predecessors as a BDR.  He covers 10 Home Depot stores for PPG between East San Jose, Santa Clara, San Leandro, and Livermore, California.

6.      Plaintiff Dewey Takagi is an adult individual residing in San Jose, California.  Takagi has been employed by PGG as a BDR since on or about August, 2008. He covers 10 Home Depot stores for PPG between San Jose and Monterrey, California.

7.      Plaintiff Brian Holliday is an adult individual residing in Dardenne Prairie, Missouri. Since March 19, 1981, Holliday has been working for PPG as a Home Depot BDR.

8.      Defendant PPG Industries, Inc. ("PPG") is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania.  Defendant maintains its Corporate Headquarters at One PPG Place, Pittsburgh, Pennsylvania 15272. At all relevant times, PPG has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.      On April 2, 2013, Plaintiffs became employees of PPG pursuant to an acquisition agreement between AkzoNobel and PPG.

10.      Upon information and belief, PPG has assumed responsibility for all preexisting liabilities of AkzoNobel, including Plaintiffs' claims in this action, pursuant to the acquisition agreement.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has diversity jurisdiction over the subject matter of California Plaintiffs' California state law claims under 28 U.S.C. 1332(d) because at least one member

491738.9

of the plaintiff class is a citizen of a state different from PPG's state of citizenship, and, upon information and belief, the matter in controversy exceeds $5,000,000. Additionally, this Court has supplemental jurisdiction over the subject matter of California Plaintiffs' California state law claims, under 28 U.S.C. 1367(a), because they are so related to the FLSA claims as to form part of the same case or controversy.

12.     This Court has jurisdiction over the Defendant, because Defendant is a person having sufficient minimum contacts with the Northern District of California so as to render the exercise of jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and substantial justice.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL BASIS OF PLAINTIFFS' CLAIMS

15.     Defendant PPG manufactures paints and stains for consumer use under the registered trade names, Glidden Paints and Glidden Stains.

16.     Glidden Paints and Stains are sold at Home Depot Home Center Stores throughout the country.

17.     PPG employs BDRs, including the Plaintiffs, to be responsible for inventory management, event and brand marketing and product training within as many as eighteen assigned Home Depot stores within a designated geographic region.

18.     The principal job duties of BDRs are to make sure that Glidden Paints and Stains are properly stocked, priced and displayed within the shelf space PPG has negotiated at each of the BDRs' assigned stores.

19.     BDRs also provide basic product knowledge training sessions to store personnel and engage in in-store sales conversations with Home Depot customers.

20.     The following tasks are included in a BDR's responsibilities at a Home Depot store and take up the majority of their work time:

      a.     Filling the Glidden Chip Rack and placing the required stripe card order;

      b.     Replenishing all the Glidden Point-of-Sale items;

1        c.     Placing rebate and/or promotional materials (which are created by PPG's

2    marketing team, not by BDRs) on the Glidden "Planograms."

3        d.     Maintaining the Glidden Planogram's integrity:

4        e.     Down-stocking and replenishing the Glidden Planograms from top-stock and

5    back-stock;

6        f.     Checking and, as needed, correcting Home Depot inventory counts for Glidden

7    products that are in error;

8        g.     Building displays, end caps and stack-outs, which were displays for Glidden

9    paint;

10       h.     Training Home Depot Associates on basics of the Glidden products using

11   instructions supplied by PPG;

12       i.     Cross-merchandising Glidden products;

13       j.     Working the Paint Desk with the Home Depot Paint Associates, who, in turn, sell

14   to Home Depot customers, by mixing paint and checking out paint customers;

15       k.     Interacting with the Home Depot Paint Department and Contractor Desk

16   Associates, who, in turn, sell to Contractors;

17       l.     Working Home Depot tent sales and trailer events (often on weekends and

18   holidays);

19       m.     Completion of any SFA (sales force activity) projects assigned to stores by the

20   due date;

21       n.     Product assortment changes and physically re-setting the Glidden bays to new

22   "planograms". This includes moving the steel shelving, rearranging all products on the shelves, and re-

23   labeling each product with price tags;

24       o.     Transferring product between stores in the company vehicle to satisfy inventory

25   needs; and,

26       p.     Traveling distances to assist fellow BDR's in other states with job duties.

27       21.    Additional duties of BDRs include:

28       a.     Handling consumer complaints including on-site technical investigations;

b. Participating in and preparing for large scale Home Depot Merchant "Walks" which revolved around regional and national management from both Home Depot and PPG;

c. Traveling to and attending regional and national sales meetings; and,

d. Traveling to and attending trainings on new Glidden products.

22. Although BDRs have a number of job duties, as outlined above, those responsibilities require no technical or specialized skills and no capital investment.

23. BDRs, in fact, do not have any managerial responsibilities. Nor do they have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

24. In reality, BDRs do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by Managers of Regional Sales based on directives from executive and marketing personnel of PPG.

25. BDRs' principal duties consist of manual labor and individual retail sales. They spend the majority of their working hours performing such tasks.

26. BDRs' duties do not relate directly to PPG's management policies or general business operations.

27. BDRs do not have the authority to formulate policy or operating procedures.

28. BDRs do not have the authority to negotiate on behalf of or bind PPG on significant matters.

29. PPG willfully and deliberately misclassified the BDRs as employees exempt from the overtime provisions of both the FLSA, and for California BDRs, exempt from the overtime provisions of the California Labor Code and Wage Order, during at least four years prior to the filing of this Complaint up until April 2013, when PPG reclassified BDRs as non-exempt from overtime after the acquisition.

30. There were no substantial changes to the job duties of BDRs after PPG's reclassification.

31. During the relevant time period, PPG was well aware that the BDRs worked on average well over 50 hours per week, excluding driving time.

491738.9

32.     As a result of a reduction in force in February, 2012, remaining BDRs were required to work longer hours to compensate for the organization's decreased staffing.

33.     Based on this willful misclassification, PPG justified requiring BDRs like the Plaintiffs to work hours well in excess of 40 per week during the relevant time period, without any compensation (straight time or overtime) for hours beyond forty per week, in violation of the FLSA.

34.     BDRs often spent four hours or more each day on compensable travel time beyond the hours worked in the Home Depot stores.  Due to PPG's misclassification of the BDRs as exempt employees, these employees were not compensated at all for such travel time during the relevant time period, let alone as overtime.

35.     BDRs were also expected to perform additional job functions and engage in other indispensable activities, including certain administrative tasks, outside of the eight hours of in-store time, which consumed several hours a week. Due to PPG's misclassification of the BDRs as exempt employees, this time was also uncompensated work time.

36.     BDRs were expected to be available by cell phone on a 24/7 basis – even during vacations – and were frequently required to take calls during evening and weekend hours.

37.     PPG did not compensate BDRs for time spent commuting to and from the various Home Depot stores, even where such travel time was "all in the day's work", as contemplated by 29 C.F.R. § 785.38.

38.     Nor did PPG compensate BDRs for any portion of the time those employees spent commuting between their homes and the first or last Home Depot store serviced by them on a given workday, even where such commute time far exceeded one hour.

39.     BDRs were also expected to unpack, organize and repack various merchandising materials for Glidden products (prepared by PPG's marketing staff, not by the BDRs themselves) at their own house, outside of the eight hours of in-store time.

40.     Moreover, BDRs regularly hauled the above referenced merchandising materials for the Glidden products to the stores, as required by their jobs.

41.     BDRs also used their driving time to make and receive phone calls related to their work-activities.

COMPLAINT FOR DAMAGES

491738.9

42.     Prior to April 2013, BDRs received no overtime premium contemporaneously with their regular salaries when they worked more than forty hours per week. California BDRs also received no overtime premium contemporaneously with their regular salaries when they worked more than eight hours per day.

43.     Therefore, BDRs were only compensated for forty (40) hours of work per week. All other time that they spent working was uncompensated.

44.     PPG failed to maintain accurate and sufficient time records for the BDRs, including the Plaintiffs. Furthermore, upon information and belief, PPG has not maintained time records for the BDRs during the relevant time period for time they spent working outside of the Home Depot stores, including but not limited to time spent on administrative tasks at home and drive time.

45.     Until April 2013, PPG failed to provide 30 minute off duty meal periods to California BDRs for every five hours of work.

46.     Until April 2013, PPG failed to provide a ten minute rest period to California BDRs for every shift from three and one-half hours to six hours in length, two ten minute rest periods for every shift of more than six hours up to ten hours, and three ten minute rest periods for shifts of more than ten hours up to fourteen hours.

47.     Until April 2013, PPG failed provide California BDRs with accurate itemized wage statements under Labor Code section 226 showing gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

## NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

48.     Pursuant to 29 U.S.C. § 216, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by PPG as Home Depot Team BDRs in the United States at any time since three years prior to the filing of this Complaint to April 1, 2013 (the "Collective Action Period") who were not paid for hours actually worked as well as for overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

491738.9

49.     There are numerous similarly situated current and former BDRs throughout the country who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

50.     Plaintiffs and other BDRs are similarly situated because they all had similar duties; performed similar tasks; were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically and properly exempted thereunder; were not so exempted; were subjected to similar pay plans; were required, suffered, or permitted to work, and did work, in excess of forty hours per week; and were not paid at a rate of one and one-half times their respective correct regular rates of pay for all such overtime hours worked.

## CALIFORNIA CLASS ACTION ALLEGATIONS

51.     Plaintiffs Talamantes, Cahigal, Garcia, and Takagi ("California Plaintiffs") seek to proceed as a class action with regard to Plaintiffs' California law claims, pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class of persons:

> All persons employed by PPG within the State of California as a Home
> Depot Business Development Representative at any time within the four
> years prior to the filing of the Complaint in this action.

52.     The putative class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are presently within the sole custody and/or control of the Defendant, upon information and belief, PPG has employed over 100 Home Depot Team BDRs in California within the last four years.

53.     Upon information and belief, a number of BDRs have left employment with PPG during the four years prior to the filing of this Complaint.  Most of these BDRs would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

54.     The California Plaintiffs will fairly and adequately protect the interests of the putative California class and have retained counsel that is experienced and competent in the fields of

1  employment law and class action litigation. California Plaintiffs have no interest that is contrary to or

2  in conflict with those of the California class.

3       55.    A class action is superior to other available methods for the fair and efficient

4  adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch

5  as the damages suffered by individual California class members may be relatively small, the expense

6  and burden of individual litigation make it virtually impossible for the California class members to

7  individually seek redress for the wrongs done to them.

8       56.    Common questions of law and fact predominate in this action because PPG has acted on

9  grounds generally applicable to all members. Among the questions of law and fact common to the

10  California Plaintiffs and California class members are:

11       a.    Whether PPG employed the California Plaintiffs and California class members

12  within the meaning of the FLSA;

13       b.    Whether PPG willfully misclassified California Plaintiffs and California class

14  members as exempt from the overtime provisions of the FLSA and California law;

15       c.    Whether PPG failed to pay California Plaintiffs and California class members for

16  all hours worked and whether they received no compensation, as well as no overtime compensation, for

17  hours worked in excess of forty hours per workweek and hours worked in excess of eight hours per day,

18  in violation of the FLSA and/or California law;

19       d.    What proof of hours is sufficient where the employer fails in its duty to maintain

20  accurate time records within the meaning of the FLSA;

21       e.    Whether PPG failed to pay all wages due to former employees in the California

22  class at the time of their termination;

23       f.    Whether PPG failed to provide accurate itemized wage statements to California

24  Plaintiffs and California class members;

25       g.    Whether PPG's conduct is "unlawful," "unfair," or "fraudulent" under California

26  Business & Professions Code § 17200 et seq.;

27       h.    Whether injunctive relief, restitution and other equitable remedies, and penalties

28  are warranted;

9

491738.9

1          i.     Whether PPG is liable for all damages and prejudgment interest claimed

2    hereunder; and,

3          j.     Whether PPG is liable for costs and attorneys' fees.

4        57.    California Plaintiffs know of no difficulty that might be encountered in the management

5    of this litigation that would preclude its maintenance as a class action.

6    **FIRST CAUSE OF ACTION**
**[Fair Labor Standards Act]**

7

8        58.    Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and

9    incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

10       59.    During the Collective Action Period, PPG has been, and continues to be, an employer

11   engaged in interstate commerce and/or the production of goods for commerce, within the meaning of

12   the FLSA.

13       60.    During the Collective Action Period, PPG employed, and/or continues to employ,

14   Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

15       61.    During the Collective Action Period, PPG has had annual gross revenues in excess of

16   $500,000.

17       62.    The Plaintiffs expressly consent in writing to be a party to this action, pursuant to

18   29 U.S.C. § 216(b).

19       63.    During the Collective Action Period, PPG had a policy and practice of misclassifying

20   Home Depot BDRs, including Plaintiffs and the Collective Action Members, as exempt under the

21   FLSA.

22       64.    During the Collective Action Period, PPG had a policy and practice of refusing to pay

23   any compensation, including straight time and overtime compensation, to Home Depot BDRs for hours

24   worked in excess of forty hours per workweek.

25       65.    During the Collective Action Period, PPG had a policy and practice of refusing to pay

26   any compensation, including straight time and overtime compensation, to Home Depot BDRs for hours

27   worked during which they were not "logged in" to a Home Depot store.

28

10
COMPLAINT FOR DAMAGES

491738.9

66.     As a result of PPG's willful failure to compensate its Home Depot BDRs, including Plaintiffs and the Collective Action Members, for all the hours worked by them, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, PPG has violated and continues to violate the FLSA, including §§ 207(a)(1) and 215(a).

67.     As a result of PPG's misclassification of its Home Depot BDRs and its attendant failure to record, report, credit and/or compensate the Plaintiffs and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

68.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

69.     Due to PPG's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendant their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION
### [Cal. Labor Code §§ 510, 558 and 11984 *et seq.* and Wage Order No. 7-2001]

70.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

71.     Since at least four years prior to the filing of this Complaint until April 2013, PPG required California Plaintiffs and California class members to work in excess of eight (8) hours per workday and forty (40) hours per workweek.  However, PPG failed to fully pay the overtime wages that California Plaintiffs and California class members earned.

72.     California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

491738.9

73.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

74.     During all relevant times, PPG knowingly and willfully failed to pay overtime earned and due to California Plaintiffs and California class members.  PPG's conduct deprived California Plaintiffs and California class members of full and timely payment for all overtime hours worked in violation of the California Labor Code.

75.     California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**THIRD CAUSE OF ACTION**
**Failure to Provide Mandated Meal Periods**
**[Cal. Labor Code §§ 226.7 and 512, and Wage Order No. 7-2001]**

76.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

77.     California Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

78.     The applicable Wage Order states in pertinent part, "No employer shall employ any person for a work period of more than give (5) hours without a meal period of not less than 30 minutes . . . . If an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."  Labor Code § 226.7(a) explains that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

491738.9

79.     Since at least four years prior to the filing of this action until April 2013, PPG failed to provide California Plaintiffs and California class members meal periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001 because PPG classified them as exempt from the meal period requirements.

80.     As a result of PPG's willful and unlawful failure to provide California Plaintiffs and California class members mandated meal periods, California Plaintiffs and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

81.     California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Mandated Rest Periods**
**[Cal. Labor Code § 226.7, and Wage Order Nos. 7-2001]**

82.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

83.     The applicable Wage Order states in pertinent part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."  Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

84.     Since at least four years prior to the filing of this action until April 2013, PPG failed to provide California Plaintiffs and California class members rest periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001 because PPG classified them as exempt from the rest period requirements.

85.     As a result of PPG's willful and unlawful failure to provide California Plaintiffs and California class members mandated rest periods, California Plaintiffs and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, plus interest thereon, attorneys' fees and costs.

86.     California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**FIFTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 226 and 226.3, and Wage Order Nos. 7-2001]**

87.     California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

88.     California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.

89.     During the period four years prior to the filing of this Complaint until April 2013, PPG willfully failed to furnish California Plaintiffs and California class members, upon each payment of compensation, itemized wage statements accurately showing, at a minimum:  gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

90.     During all relevant times, California Plaintiffs and California class members were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

91.     California Labor Code § 226(e) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation, up to $4,000.  Pursuant to Labor Code § 226(g), California Plaintiffs and

1   California class members are entitled to injunctive relief to ensure PPG's compliance with Labor Code

2   § 226.

3       92.     California Plaintiffs and California class members are entitled to an award of costs and

4   reasonable attorneys' fees under Labor Code § 226(h).

5       93.     California Plaintiffs, on behalf of themselves and similarly situated California members,

6   also requests further relief as described below.

7                       **SIXTH CAUSE OF ACTION**
                   **Failure to Pay All Wages Upon Termination**
8       **[Cal. Labor Code §§ 201, 202, 203, and 256, and Wage Order No. 7-2001]**

9       94.     California Plaintiffs, on behalf of themselves and all California class action members, re-

10  allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth

11  herein.

12      95.     California Labor Code § 201 provides that any discharged employee is entitled to all

13  wages due at the time of discharge.

14      96.     Where an employer willfully fails to pay discharged or quitting employees all wages due

15  as required under the California Labor Code, the employer is liable to such employees under California

16  Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the

17  employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

18      97.     During all relevant times, PPG knowingly and willful violated California Labor Code

19  §§ 201 and 202 by failing to pay California Plaintiffs and California class members who are no longer

20  employed by PPG all wages owed as alleged herein.  PPG is therefore liable to California Plaintiffs and

21  California class members who are no longer employed by PPG for waiting time penalties as required by

22  California Labor Code § 203.

23      98.     California Plaintiffs, on behalf of themselves and similarly situated California members,

24  also requests further relief as described below.

25

26

27

28

491738.9

**SEVENTH CAUSE OF ACTION**
**Unfair Competition Law Violations**
**[Cal. Business & Professions Code § 17200 *et seq.*]**

99.    California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

100.    California Business & Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

101.    California Plaintiffs bring this cause of action individually and as representatives of all others subject to PPG's unlawful acts and practices.

102.    During the four years prior to the filing of this Complaint until April 2013, PPG committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  PPG's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep required payroll records, and failing to pay all wages upon termination in violation of California law and/or the FLSA.

103.    As a result of this unlawful and/or unfair and/or fraudulent business practice, PPG reaped unfair benefits and illegal profits at the expense of California Plaintiffs and California class members. PPG must disgorge these ill-gotten gains and restore California Plaintiffs and California class members all wrongfully withheld wages, including, but not limited to overtime compensation.

104.    California Plaintiffs, on behalf of themselves and similarly situated California class members, also requests further relief as described below.

**EIGHTH CAUSE OF ACTION**
**Violation of the Private Attorney General Act ("PAGA")**
**[Cal. Labor Code § 2698 *et seq.*]**

105.    California Plaintiffs, on behalf of themselves and all California class action members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

491738.9

106.   California Plaintiffs ("PAGA Plaintiffs") are "aggrieved employees" under PAGA as they were employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein.  As such, they seek to recover, on behalf of themselves and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

107.   PAGA Plaintiffs seek to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.  Therefore, class certification of the PAGA claims is not required, but PAGA Plaintiffs may choose to seek certification of the PAGA claims.

108.   PAGA Plaintiffs are also entitled to recover for themselves, other aggrieved employees, and the State of California, civil penalties pursuant to California Labor Code § 210 in the amount of $100 per employee per initial violation of the timely payment requirements of California Labor Code § 204 and $200 per employee for each subsequent violation, plus 25% of the amount unlawfully withheld.

109.   PAGA Plaintiffs seek to pursue remedies pursuant to PAGA for the following violations.

110.   Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

111.   Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days.  Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty (30) days pay as waiting time under the terms of Labor Code § 203.

112.   California Labor Code § 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:   (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.   (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

17

employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

113.    Under Labor Code § 1174.5, PPG is subject to a civil penalty of five hundred dollars ($500) for failing to keep records as required by section 1174(d).

114.    Labor Code § 2698 et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 204, 226.7, 510, 512, 1174, 1194, 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

115.    PAGA Plaintiffs will fully comply with the procedural requirements specified in California Labor Code § 2699.3 as to each of the alleged violations.  A true and correct copy of the cover letter sent via certified mail to the Defendant and California's Labor and Workforce Development Agency is attached as Exhibit 1.

116.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  PAGA Plaintiffs' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public. Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  PAGA Plaintiffs are incurring a financial burden in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, inter alia, California Labor Code § 2699.

117.    As a result of the violations alleged, PAGA Plaintiffs, as aggrieved employees on behalf of themselves and other aggrieved employees employed by Defendant, seek all civil penalties available pursuant to California Labor Code § 2699, including all civil penalties, attorneys' fees, expenses, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, respectfully request that this Court grant the following relief:

1.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action

members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to opt into this proceeding and appointing Plaintiffs and their counsel to represent the Collective Action Members;

2.    Certification of this action as a class action pursuant to Rule 23 for the California class members, and appointing California Plaintiffs as Class Representatives and their attorneys as Class Counsel.

3.    Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and California law;

4.    Award of unpaid wages, as well as all overtime compensation, due under the FLSA and California law to Plaintiffs, the Collective Action Members, and the California class members;

5.    Award of liquidated damages to Plaintiffs and Collective Action Members as a result of PPG's willful failure to pay for all wages dues as well as overtime compensation pursuant to the FLSA;

6.    Award of meal and rest period premiums to California Plaintiffs and California class members for PPG's failure to provide meal and rest periods;

7.    Award of damages under California Labor Code section 226 for PPG's failure to provide accurate itemized wage statements;

8.    Award of waiting time penalties under California Labor Code section 203 for PPG's failure to pay former employees all wages due at the time of termination of employment;

9.    Award of pre-judgment and post-judgment interest;

10.   Enjoin PPG from violating California law as alleged above;

11.   Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

12.   Such other relief as this Court deems just and proper.

COMPLAINT FOR DAMAGES

491738.9

1    **JURY TRIAL DEMANDED**

2         Plaintiffs demand a trial by jury on claims so triable.

3    Dated:  August 30, 2013                    Respectfully submitted,

4                                               GOLDSTEIN, BORGEN, DARDARIAN & HO

5                                               ___/s/ Laura L. Ho_____

6                                               Laura L. Ho

7                                               Attorneys for Plaintiffs and the Putative Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

491738.9