1   MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
2   NATHALIE A. LE NGOC, Bar No. 254376
    nlengnoc@littler.com
3   SOPHIA BEHNIA, Bar No. 289318
    sbehnia@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, CA  94108.2693
6   Telephone:     415.433.1940
    Fax No.:        415.399.8490
7
    Attorneys for Defendant
8   PPG INDUSTRIES, INC.
9
    LAURA L. HO, Bar No. 173179
10  lho@gbdhlegal.com
    MICHAEL CAESAR Bar No. 280548
11  mcaesar@gbdhlegal.com
    GOLDSTEIN, BORGEN, DARDARIAN & HO
12  300 Lakeside Drive, Suite 1000
    Oakland, CA 94612
13  Telephone:    (510) 763-9800
    Fax No.:       (510) 835-1417
14
    Attorney for Plaintiffs and the Putative Class
15
                    UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA

17  LUCIEANN TALAMANTES, ROBERT          Case No.  3:13-cv-04062
    CAHIGAL, HECTOR GARCIA, DEWEY
18  TAKAGI, BRIAN HOLLIDAY AND           ASSIGNED FOR ALL PURPOSES TO
    TINA DIEMER, on behalf of themselves  JUDGE WILLIAM H. ORRICK
19  and all others similarly situated,
                                         **JOINT CASE MANAGEMENT**
20              Plaintiffs,              **STATEMENT**

21       v.                             Date: December 3, 2013
                                        Time: 2:00 p.m.
22  PPG INDUSTRIES, INC.,               Courtroom:  2

23              Defendant.              FAC Filed: October 7, 2013

24

25

26

27

28
                                                    Case No. 3:13-cv-04062

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

**JOINT CASE MANAGEMENT STATEMENT**

In accordance with Civil Local Rule ("L.R.") 16-9, the parties to the above-captioned action jointly submit this Case Management Statement addressing the topics in the July 2011 standing order for all judges of the Northern District of California.  Except as otherwise stated herein, the parties are in agreement as to the provisions of this Order. The parties request that the Court adopt the non-disputed provisions of this Order as the Case Management Order in this case and, as to disputed provisions (indicated herein in italics), request that the Court determine which of the conflicting provisions suggested by each side should be included in the final Order. Unless otherwise indicated, all time frames referenced herein refer to calendar days.

**JURISDICTION AND SERVICE**

1.      <u>Jurisdiction and Service:</u> The Court has subject matter jurisdiction over Plaintiffs' claim in this action pursuant to the Fair Labor Standard Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and the Class Action Fairness Act, 28 U.S.C. §1332(d). Plaintiffs are aware of no issues regarding personal jurisdiction or venue. All parties have been served.  Defendant's deadline to file its Answer is November 29, 2013.

**DESCRIPTION OF THE CASE**

2.      <u>Facts:</u> This class/collective action case arises out of AkzoNobel/PPG's ("PPG") classification of Plaintiffs and other similarly situated current and former Business Development Representatives who worked for PPG in Home Depot stores ("BDRs") as exempt from the overtime protections of federal and California law.  Plaintiffs allege that they and BDRs throughout the United States: (i) were misclassified as exempt from the overtime protections of the federal Fair Labor Standards Act ("FLSA"); (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law, and (iii) are entitled to liquidated damages pursuant to the FLSA.

Additionally, Plaintiffs Talamantes, Cahigal, Garcia, Takagi, and Diemer ("California Plaintiffs") allege that they and other BDRs in California (i) were misclassified as exempt from the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT

503858.1

overtime protections of California Labor Code; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law; (iii) are entitled to meal and rest period premiums under Labor Code section 226.7 for PPG's failure to provide meal or rest periods as required by the applicable Wage Order; (iv) are entitled to waiting time penalties under Labor Code section 203 for PPG's failure to pay for all hours worked at the time of termination of employment (for those who are no longer employed by PPG); (v)  are entitled to statutory damages for PPG's failure to provide accurate itemized wage statements under Labor Code section 226; (vi) are entitled to civil penalties under the Labor Code Private Attorney General Act ("PAGA") , and (vii) are entitled to restitution and an injunction under the Unfair Competition Law ("UCL") Business and Professions Code section 17200 et seq.

Defendant contends that Plaintiffs were properly classified under federal and state law as either administrators or outside sales professionals.  As exempt employees, Defendant's contend that Plaintiffs are not entitled to payment for missed meal and rest periods.  Defendant further contends that to the extent any of the Plaintiffs were misclassified the misclassification was not willful and there is thus no entitlement to liquidated damages under the FLSA.  Finally, Defendant contends that Plaintiffs were paid a salary for all hours worked and because Plaintiffs were properly paid during their employment, they are not entitled to waiting time penalties, wage statement penalties, PAGA penalties or any other penalties.

The primary factual issues in dispute are whether PPG misclassified BDRs as exempt before reclassifying them as non-exempt on April 1, 2013.  To the extent they were misclassified, the proper method to calculate damages, the total amount of unpaid overtime, and related payments, due to the FLSA opt-ins and members of the putative class in California will also be in dispute.

3.   <u>Legal Issues:</u> The principal legal issues are:

a.   Whether or not PPG willfully misclassified the position of BDR as exempt in violation of the FLSA and whether or not Plaintiffs are entitled to damages based on the time and a half calculation or the half time calculation under FLSA,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT

503858.1

b.      Whether or not PPG willfully misclassified the position of BDR as exempt under California law,

c.      Whether the class alleged by Plaintiffs should be certified pursuant to Rule 23(a) and (b)(3) and/or under section 216(b) of the Fair Labor Standards Act (conditionally or otherwise).

d.      Whether Defendant violated the California Labor Code or Wage Orders.

e.      Whether Defendant's alleged violations of the California Labor Code or Wage Orders, if any, entitle Plaintiffs to recover penalties as "aggrieved employees" under the California Private Attorney General Act.

Plaintiffs maintain that they were denied overtime payment due to PPG's deliberate misclassification of the position of BDR as exempt and thus Plaintiffs are entitled to overtime payment at a one and a half times their regular rate based on the FLSA's three year statute of limitation. In addition, California Plaintiffs maintain that were denied overtime payment due to PPG's deliberate misclassification of the position of BDR as exempt from California law and thus are entitled to unpaid overtime, meal and rest period payments, restitution of those amounts, and other related statutory and civil penalties.

PPG maintains that it paid all BDRs, including Plaintiffs, all sums of money to which they were entitled as employees. PPG further contents that to the extent Plaintiffs were misclassified, their damages under the FLSA are limited to the half time calculation of damages because Plaintiffs were paid a salary for all hours worked.  PPG further asserts that all of its actions with respect to the classification and payment of its BDRs have been made in good faith and in the absence of ill-will or reckless indifference to Plaintiffs' rights.

**ALTERNATIVE DISPUTE RESOLUTION**

4.      The parties agree that mediation will be the preferred ADR process for this matter and have decided that either Michael Loeb, Esq. or Judge Edward Infante will serve as mediator. However, Plaintiffs anticipate filing a Motion for Conditional Certification and Court-Facilitated Notice for the FLSA claims. If the Court grants Plaintiffs' motion, other individuals may join this action as opt-in plaintiffs. The parties have agreed that the mediation should be deferred until after

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT

503858.1

1 the disposition of this anticipated motion for conditional certification (and, if granted, after the

2 deadline for joining this action has passed). The parties believe that it would be difficult to evaluate

3 the damages of the potential collective prior to the disposition of conditional certification and before

4 the scope of the collective is known, and that any attempt to prematurely mediate the case prior to

5 the disposition of conditional certification would result in unnecessary expense for the parties.

6 **PRIOR, PENDING AND ANTICIPATED MOTIONS**

7       5.      Anticipated Motions: Plaintiffs intend to file a Motion for Conditional Certification

8 pursuant to 29 U.S.C. § 216(b), as well as a motion to certify the California class under Rule 23(a)

9 and (b)(3). Defendant intends to oppose such motions. Defendant may move for summary judgment

10 or summary adjudication of issues.

11       6.      Proposal for When a Motion for Class Certification Will Be Filed: Plaintiffs shall file

12 the Motion for Conditional Certification and Court-Facilitated Notice by March 30, 2014.

13       The deadline for joining additional parties shall be dependent on the Court's ruling on

14 Plaintiffs' Motion for Conditional Certification and Court-Facilitated Notice. If the Court grants

15 Plaintiffs' Motion, the deadline for joining additional parties shall be the deadline established by the

16 Court for filing written consents to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

17 Plaintiffs request a 60-day opt-in period. If the Court denies Plaintiffs' motion, then the deadline for

18 joining additional parties shall be 15 days after the Court's denial of Plaintiffs' Motion.

19       Plaintiffs propose that the parties should retain the right to seek leave to join additional

20 parties in the event that facts currently unknown but later learned in discovery reveal that joinder is

21 necessary or appropriate. PPG does not oppose Plaintiffs' proposal.

22       Plaintiffs anticipate filing a Rule 23 motion for class certification approximately nine months

23 after the decision on the motion for conditional certification, allowing time for written discovery as

24 well as depositions.

25 **AMENDMENT OF PLEADINGS**

26       7.      Plaintiffs filed the First Amended Complaint on October 7, 2013. Plaintiffs do not

27 intend to file additional amendment of pleadings at this stage. Plaintiffs propose that the parties

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT

503858.1

1   should retain the right to seek leave to amend the pleadings pursuant to Fed.R.Civ.P. 15 in the event

2   that facts currently unknown but later learned in discovery reveal that amendment is necessary or

3   appropriate. PPG does not oppose Plaintiffs' proposal.

4   **DISCOVERY AND PRE-TRIAL DISCLOSURES**

5           The parties agree to the following plan and schedule for discovery and pre-trial disclosures:

6           8.      Evidence Preservation: Defendant warrants that it has taken necessary steps to

7   preserve all documents and other electronically-stored evidence in its possession relevant to the

8   issues reasonably evident in this action, including the distribution of a litigation hold notice.

9           9.      Subjects on which fact discovery may be needed: The parties anticipate engaging in

10  discovery on all matters relevant to the claims and defenses asserted in this action.

11          10.     Set forth suggested dates for the following:

12          a.      Initial Disclosures: The parties agree to extend the current deadline to file their initial

13  disclosures set forth in the Court's scheduling order to December 17, 2013. As of this date, neither

14  party has produced any documents in this matter. Plaintiffs' position is that the parties should

15  produce documents at the same time as the initial disclsoures, but Defendant has not agreed to

16  produce documents at that time.

17          b.      Discovery: The Parties agree that discovery period for fact discovery shall begin upon

18  the entry of this Order. The parties agree that this Court should not establish a deadline for the

19  completion of discovery until after Plaintiffs' Motion for Class Certification has been disposed of by

20  the Court. The exact length of time necessary for discovery can be more accurately determined once

21  the scope of this action is known. The parties agree that this Court should convene a scheduling

22  conference at the appropriate time after the disposition of Plaintiffs' Motion for Class Certification

23  in order to set deadlines for the completion of discovery and motions practice. The parties anticipate

24  discovery in the form of written interrogatories, requests for admission, requests for production and

25  depositions, including Rule 30(b)(6) depositions and depositions of representative plaintiffs.

26          c.      Other Deadlines: The parties request a Status Conference following the Court's ruling

27  on Plaintiffs' Motion for Conditional Certification. At the time, the parties will be prepared to

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

503858.1

5.

JOINT CASE MANAGEMENT STATEMENT

1  discuss deadlines relating to Plaintiffs' Motion for Class Certification. After a decision on that

2  motion, the parties expect to have another Status Conference, at which time deadlines related to

3  experts, motions for summary judgment, pretrial submissions as required in the Fed.R.Civ. P. 26(f)

4  Report of the Parties and the case management statement would be set.

5         11.   <u>Discovery Limitations:</u> The parties agree that the reasonable limits of discovery

6  cannot be fully assessed until after the Court decides Plaintiffs' motion for conditional certification

7  (and, if such motion is granted, until after the close of the "opt in" period) and Plaintiffs' motion for

8  class certification.

9         12.   <u>Electronically Stored Information:</u> The parties have discussed and will continue to

10  discuss the matters set forth in the Local Rule 26.2, pertaining to "Discovery of Electronically Stored

11  Information." The parties have considered the need for special orders of court dealing with

12  electronic discovery and do not believe that such special orders are needed at this time.

13         a.   ESI. Both parties will seek the discovery of ESI in this case.

14         b.   Metadata. Both parties will identify the fields of metadata they expect to receive and

15  produce for various forms of ESI as discovery in the case progresses, and they will work together in

16  good faith to resolve disputes regarding fields of metadata that will be produced. If the parties

17  cannot agree, they will submit the dispute to the Court for resolution.

18         c.   Format. The parties have initially agreed to produce ESI by producing standard TIFF

19  images along with a load file containing metadata properties to be agreed upon. Native files, along

20  with all corresponding metadata, should be preserved. If either party can identify specific records for

21  which production in native form is necessary (e.g., an Excel spreadsheet for which formulas

22  embedded in cells, or an PowerPoint presentations (ppt, pptx files) are relevant), the parties will

23  work together in good faith regarding the production of the native version of these limited files. If

24  such a production is made, the parties will also work together in good faith to agree upon a method

25  for using such native files at depositions, hearings, or at trial to deal with the shortcomings of such a

26  method of production (e.g., lack of bates stamps and confidentiality designations on each page of the

27  record). Due to the challenges involved in producing and using native documents, the production of

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT

503858.1

1  records in native format should be limited to the limited number of documents for which a party can

2  articulate a reasonable and particularized need to obtain the documents in their native format.

3          **d.**       **Clawback Agreement.**    The parties are currently negotiating the terms of an

4  appropriate Clawback Agreement to address Inadvertent Production issues. If the parties reach

5  agreement on the scope of such a stipulated order in advance of the Rule 16 Conference, they will

6  jointly submit a copy of the proposed stipulated order for this Court's review.

7          **e.**       **Search Terms.**   The parties have initially agreed to explore the use of a variety of

8  methods to reduce the volume of ESI from both parties that must be reviewed in this case, including

9  filtering based upon search terms, date ranges, document types, and other filtering or culling

10  techniques. The exact filtering methods and parameters will vary depending upon the types of ESI

11  involved and the sources from which they are collected. The parties have also discussed the possible

12  use of sampling techniques to test the adequacy of filtering methods and parameters if the volume of

13  ESI at issue in the case is significant. If these methods are used, the parties may require additional

14  time for discovery to conduct the sampling exercises and revised the search methods and parameters.

15          Due to the expected volume of ESI, neither party expects the other to be able to produce ESI

16  within the standard 30 days provided for in Fed.R.Civ.P. 33 and 34. The deadlines for producing

17  responsive ESI will be negotiated by the parties after they understand the volumes of ESI to be

18  collected and reviewed from their respective clients. The parties will confer and agree upon dates

19  once an agreement for the collection and processing of ESI has been reached.

20          If, as the case progresses, the parties cannot agree on the use of a particular filtering or

21  searching methods or parameters or a timeline for production of ESI, they will involve the Court to

22  resolve the matter.

23          If the Court grants Plaintiffs' motion for conditional certification, it is possible that other

24  individuals will join this action as party plaintiffs, which will invariably impact the identification,

25  collection and production of potentially relevant ESI.

26          **f.**       **Accessibility.**   Defendant is investigating on whether any specific sources of ESI are

27  not reasonably accessible, but the parties have not reached agreement on this point. If, as the case

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

7.

503858.1

1   progresses, the parties cannot agree on the sources that will be deemed not reasonably accessible,

2   they will involve the Court to resolve the matter.

3       13.    Privilege Issues and Future Discovery Disputes.

4       Defendant shall submit to Plaintiffs in electronic form a privileged log for any documents

5   redacted or withheld at the time of the document production. Within 15 business days thereafter,

6   Plaintiffs shall submit to Defendant in electronic form a list of the documents produced by

7   Defendant as to which a claim of privilege is in dispute, including an indication of the basis of the

8   challenge. Within 10 business days, PPG shall respond to each of Plaintiffs' challenges and provide

9   in electronic form a revised version of the list provided by Plaintiffs with an indication as whether

10  each challenged document is being produced or withheld. All documents as to which the privilege

11  claim is being withdrawn shall be produced to Plaintiffs along with the responsive list. To the extent

12  that the Defendant's response does not satisfy Plaintiffs' challenges, Plaintiffs may seek additional

13  relief from the Court, including a request for the appointment of a Magistrate. Should the resolution

14  of these issues impact any Plaintiffs' ability to complete deposition discovery, the Court will

15  entertain a motion to extend the deadlines contained in this Order.  In the event Plaintiffs withhold

16  privileged documents, they must also submit a privilege log to Defendant pursuant to the

17  requirements of this paragraph.

18      All other discovery disputes arising in the course of this action will be submitted pursuant to

19  this Court's standing order.

20      14.    Confidential Information: Discovery and production of confidential information shall

21  be governed by the standard Protective Order in the Northern District of California, except that

22  Defendant shall draft a claw-back provision to include within the Order..

23      15.    Service of Pleadings and Discovery on Other Parties.

24      a. The parties designate the following individual(s) to receive service of all pleadings,

25  discovery requests and delivery of all correspondence in this matter (including a principal designate,

26  noted with an asterisk ("*")) below:

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

8.

JOINT CASE MANAGEMENT STATEMENT
503858.1

1

i.  For Plaintiffs:

2

| | | |
|---|---|---|
| Laura L. Ho, Esq.* | lho@gbdhlegal.com; | (510) 763-6800 |
| | efile@gbdhlegal.com | |

3

| | | |
|---|---|---|
| Michael Caesar Esq. | mcaesar@gbdhlegal.com | (510) 763-6800 |
| Bruce C. Fox, Esq.* | Bruce.fox@obermayer.com | (412) 288-2462 |
| Yuanyou Yang, Esq. | Sunny.yang@obermayer.com | (412) 288-2476 |
| Andrew Horowitz, Esq. | Andrew.horowitz@obermayer.com | (412) 288-2461 |

4

5

ii.  For Defendant PPG:

| | | |
|---|---|---|
| Michelle B. Heverly, Esq.* | mheverly@littler.com | (415) 677-3131 |
| Christopher Michalski, Esq. | cmichalski@littler.com | (412) 201-7634 |
| Morgan Matson, Esq. | mmatson@littler.com | (412) 201-7620 |
| Nathalie A. Le Ngoc, Esq. | nlengoc@littler.com | (408) 795-3493 |
| Sophia Behnia, Esq. | sbehnia@littler.com | (415) 288-6663 |

6

7

8

9

b.   Plaintiffs and Defendant shall serve all pleadings and discovery requests, including Rule 45 subpoenas for documents, and shall deliver all correspondence on the other parties' designate by email. Electronic delivery with confirming receipt shall be treated in the same manner as hand delivery for purposes of calculating discovery response times under the Federal Rules. However, email service of discovery responses that is delivered after 5:30 pm Pacific Time, shall be treated as if it was received the following business day. Plaintiffs and Defendant shall serve all pleadings in accordance with the Northern District of California's rules for Electronic Case Filing.

10

11

12

13

14

15

**RELATED CASE**

16

17

16.   The parties are not aware of any related matters currently pending. However, Plaintiffs are aware of other cases filed against the same Defendant who were represented by the same law firm asserting the same or similar positions. Plaintiffs expect the case to move forward quickly given those similarities.

18

19

20

**RELIEF SOUGHT/DAMAGE**

21

17.   <u>Relief Sought, Including How Damages Will be Calculated:</u> The primary component of damages that Plaintiffs seek are the balance of unpaid overtime wages (at the applicable wage rate). Plaintiffs intend to calculate the balance of unpaid wages under both the FLSA and California law. Plaintiffs also seek liquidated damages, interest, and attorneys' fees and costs under the FLSA for all opt in plaintiffs.  California Plaintiffs also seek statutory and civil penalties, as well as attorneys' fees and costs, under the California Labor Code, restitution under the California Unfair Competition Law, and attorneys' fees under CCP 1021.5. It is premature to estimate the total

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

9.

JOINT CASE MANAGEMENT STATEMENT

503858.1

damages owed to the putative collective and class as the contours of the collective and class have not yet been determined, and Plaintiffs have not yet retained an expert to compute the full extent of their damages.

**CONSENT TO MAGISTRATE JUDGE**

18.     The parties do not consent to a magistrate judge for all purposes, or for trial, at this time.

**OTHER REFERENCES**

19.     The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**TRIAL SCHEDULE**

20.     <u>Expedited Trial Procedure:</u> The parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64.

21.     <u>Trial:</u> Plaintiffs anticipate that a jury trial of all of the claims in this case would last for three weeks.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

22.     Plaintiffs are unaware of any persons necessary to disclose at this time.

Dated: November 26, 2013

          s/ Sophia Behnia
          MICHELLE B. HEVERLY
          NATHALIE A. LE NGOC
          SOPHIA BEHNIA
          LITTLER MENDELSON, P.C.
          Attorneys for Defendant
          PPG INDUSTRIES, INC.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940
JOINT CASE MANAGEMENT STATEMENT
503858.1

1   Dated:  November 26, 2013

2

3                                                    s/ Laura L. Ho
                                         LAURA L. HO
4                                        MICHAEL CAESAR
                                         GOLDSTEIN, BORGEN, DARDARIAN &
5                                        HO
                                         Attorneys for Plaintiffs and the Putative Class
6

7

8   Firmwide:124353472.2 034801.2076

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT

503858.1