1  MICHELLE B. HEVERLY, Bar No. 178660
   mheverly@littler.com
2  NATHALIE A. LE NGOC, Bar No. 254376
   nlengoc@littler.com
3  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
5  San Francisco, California  94108.2693
   Telephone:    415.433.1940
6  Facsimile:    415.399.8490
7

8  Attorneys for Defendant
   PPG INDUSTRIES, INC.
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12               **SAN FRANCISCO DIVISION**

13

14  LUCIEANN TALAMANTES, ROVERT          Case No.  3:13-cv-04062-WHO
    CAHIGAL, HECTOR GARCIA, DEWEY
15  TAKAGI, BRIAN HOLLIDAY, AND          **DEFENDANT'S ANSWER AND
    TINA DIEMER on behalf of themselves  AFFIRMATIVE DEFENSES TO FIRST
16  and all others similarly situated,   AMENDED COMPLAINT FOR DAMAGES**

17                  Plaintiff,

18         v.

19  PPG Industries, Inc.,

20                  Defendant.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT FOR DAMAGES

1.

CASE NO. 3:13-CV-04062-WHO

1    Defendant, PPG Industries, Inc. ("PPG"), by and through its undersigned counsel, files this

2    Answer and Affirmative Defenses to the First Amended Complaint for Damages ("Complaint") filed

3    by Lucieann Talamantes, Robert Cahigal, Hector Garcia, Dewey Takagi, Brian Holliday, And Tina

4    Diemer on behalf of themselves and all others similarly situated ("Plaintiffs").  Unless specifically

5    admitted herein, PPG denies each factual allegation of the Complaint.  PPG respectfully states and

6    alleges as follows:

7                              **ANSWER**

8           1.    PPG admits that Plaintiffs purport to bring this action on their own behalf and on

9    behalf of employees and former employees of PPG who were employed in the capacity of Business

10   Development Representatives ("BDR")[1]; denies that this action is appropriate for treatment as a

11   nationwide collective action or that it should be maintained on behalf of any persons other than

12   Plaintiffs; and denies the remaining averments contained in Paragraph 1.

13          2.    PPG admits that Plaintiffs Talamantes, Cahigal, Garcia, Takagi, and Diemer

14   ("California Plaintiffs") purport to bring this action on their own behalf and on behalf of employees

15   and former employees of PPG who were employed as BDRs in California; denies that this action is

16   appropriate for treatment as a state-wide class action or that it should be maintained on behalf of any

17   persons other than California Plaintiffs; and denies the remaining averments contained in Paragraph

18   2.

19          3.    PPG admits that Plaintiff Talamantes is an adult individual; upon information and

20   belief, resides in Turlock, California; has been employed by PPG or its predecessors as a BDR since

21   April 7, 1997; and is presently employed by PPG as a BDR covering a territory named "PN -

22   Valley."  PPG denies the remaining averments of Paragraph 3.

23          4.    PPG admits that Plaintiff Cahigal is an adult individual; upon information and belief,

24   resides in Menifee, California; has been employed by PPG or its predecessors as a BDR since 2000;

25   and is presently employed by PPG as a BDR covering a territory named "PS - Southern Orange

26   County."  PPG denies the remaining averments of Paragraph 4.

27

28   ---

[1]     The current title for the BDR position is Territory Manager.  For consistency and clarity, PPG's reference to BDR in this Answer includes the current and previous titles of the position.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST                    2.                    CASE NO. 3:13-CV-04062-WHO
AMENDED COMPLAINT FOR DAMAGES

5.     PPG admits that Plaintiff Garcia is an adult individual; upon information and belief, resides in San Jose, California; has been employed by PPG or its predecessors as a BDR since July 11, 2007; and is presently employed by PPG as a BDR covering a territory named "PN - San Jose." PPG denies the remaining averments of Paragraph 5.

6.     PPG admits that Plaintiff Takagi is an adult individual; upon information and belief, resides in San Jose, California; has been employed by PPG or its predecessors as a BDR since September 27, 2007; and is presently employed by PPG as a BDR covering a territory named "PN – South Bay." PPG denies the remaining averments of Paragraph 6.

7.     PPG admits that Plaintiff Holliday is an adult individual; upon information and belief, resides in Dardenne Prairie, Missouri; has been employed by PPG or its predecessors as a BDR since March 23, 1981; and is presently employed by PPG as a BDR covering a territory named "C – St. Louis." PPG denies the remaining averments of Paragraph 7.

8.     PPG admits that Plaintiff Dimer is an adult individual; upon information and belief, resides in Temecula, California; and has been employed by PPG's predecessors as a BDR from May 11, 2009 through May 29, 2012. PPG denies the remaining averments of Paragraph 8.

9.     PPG admits that it is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania, and that it maintains a Corporate Headquarters at One PPG Place, Pittsburgh, Pennsylvania 15272. The remaining averments of Paragraph 9 contain conclusions of law to which no response is required. To the extent a response is required, PPG admits that is engaged in interstate commerce.

10.     Denied. By way of further response, BDRs became PPG employees effective April 1, 2013 pursuant to the Sale and Purchase Agreement between Akzo Nobel N.V. and PPG Industries, Inc. and the BDRs are that were employed on April 1, 2013 were employed by PPG Architectural Finishes, Inc., which is a wholly-owned subsidiary of PPG Industries, Inc.

11.     PPG denies the averments of Paragraph 11.

12.     Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, PPG admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT                          3.                          CASE NO. 3:13-CV-04062-WHO

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, PPG admits that venue is proper in this Court.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, PPG admits that venue is proper in this Court and district under 28 U.S.C. § 1391(b).

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, PPG admits that the Court may issue declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202 but denies that a declaratory judgment is appropriate in this matter.

16.     Denied.  By way of further response, PPG manufactures paint and stain products for consumer use that are sold under a variety of trade names, including but not limited to Glidden Paint, Sikkens, Flood, and Liquid Nails.

17.     Denied as stated.  By way of further response, certain PPG paint and stain products, including but not limited to Glidden Paint, Sikkens, Flood, and Liquid Nails, are sold at Home Depot stores throughout the country.

18.     Denied.  By way of further response, PPG's Home Depot BDRs are accountable for promoting the sale of PPG's paint and stain products by Home Depot to its customers.  BDRs provide training, service and support at Home Depot stores within an assigned geographic area to promote PPG products at Home Depot stores in their geographic area.

19.     PPG denies the averments of Paragraph 19.

20.     PPG admits that in addition to numerous other job duties and responsibilities, at their discretion, individual BDRs may provide product knowledge training sessions to store personnel and engage in in-store sales conversations/demonstrations with Home Depot customers.

21.     PPG denies the averments of Paragraph 21.

22.     Admitted.

23.     PPG denies the inference in Paragraph 23 that Paragraphs 18-22 of the Complaint set forth all job duties and responsibilities of all individual BDRs, which also vary with each employee, store, supervisor and day; PPG further denies that the position of BDR does not require technical or

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT                    4.                    CASE NO. 3:13-CV-04062-WHO

1    specialized skills; and PPG admits that there is no capital investment necessary to be employed as a

2    Territory Manager.

3         24.    Paragraph 24 of the Complaint states conclusions of law to which no response is

4    required.  To the extent a response is required, PPG denies the averments contained therein.

5         25.    Paragraph 25 of the Complaint states conclusions of law to which no response is

6    required.  To the extent a response is required, PPG denies the averments contained therein.

7         26.    Paragraph 26 of the Complaint states conclusions of law to which no response is

8    required.  To the extent a response is required, PPG denies the averments contained therein.

9         27.    Paragraph 27 of the Complaint states conclusions of law to which no response is

10   required.  To the extent a response is required, PPG denies the averments contained therein.

11        28.    Paragraph 28 of the Complaint states conclusions of law to which no response is

12   required.  To the extent a response is required, PPG denies the averments contained therein.

13        29.    Paragraph 29 of the Complaint states conclusions of law to which no response is

14   required.  To the extent a response is required, PPG denies the averments contained therein.

15        30.    PPG admits that effective April 1, 2013 it classified BDRs as non-exempt.   The

16   remaining averments contained in Paragraph 30 of the Complaint state conclusions of law to which

17   no response is required.  To the extent a response is required, PPG denies the averments contained

18   therein.

19        31.    Denied.  Following the reclassification of BDRs as non-exempt on April 1, 2013, the

20   job duties of BDRs changed to include duties and responsibilities related to tracking and recording

21   work time and submitting time sheets.

22        32.    PPG denies the averments of Paragraph 32.

23        33.    PPG denies the averments of Paragraph 33.

24        34.    PPG denies the averments of Paragraph 34.

25        35.    PPG denies the averments of Paragraph 35.

26        36.    PPG admits that BDRs were expected to perform additional job functions and engage

27   in other indispensable activities, including certain administrative tasks, outside of their in-store time.

28   PPG denies the remaining averments of Paragraph 36.

650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST          5.          CASE NO. 3:13-CV-04062-WHO
AMENDED COMPLAINT

37.     PPG denies the averments of Paragraph 37.

38.     PPG denies the averments of Paragraph 38.

39.     Paragraph 39 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

40.     Admitted in part; denied in part.  PPG admits that some BDRs could receive merchandising materials, including color collateral, at their home.  PPG denies that BDRs were required to work eight hours of in-store time per work day.

41.     PPG denies the averments of Paragraph 41.

42.     Denied as stated.  PPG denies that BDRs were required to make and receive phone calls related to their work-activities during their drive time.   BDRs had the discretion and independent judgment to determine when to make work related phone calls; however, except for very limited circumstances, it is against PPG policy to make or receive phone calls while driving.

43.     Admitted.

44.     PPG denies the averments of Paragraph 44.

45.     Paragraph 45 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

46.     Denied.

47.     Denied.

48.     PPG denies the averments of Paragraph 48.

49.     PPG admits that Plaintiffs purport to bring this action on their own and on behalf of employees and former employees of PPG who were employed in the capacity of "Home Depot Team BDRs" in the United States between October 7, 2010, and April 1, 2013; denies that this action is appropriate for treatment as a collective action or that it should be maintained on behalf of any persons other than Plaintiffs; and denies the remaining averments contained in Paragraph 49.

50.     Paragraph 50 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

51.     Paragraph 51 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT                6.                CASE NO. 3:13-CV-04062-WHO

52.     PPG admits that California Plaintiffs purport to bring this action on their own and on behalf of employees and former employees of PPG who were employed in the capacity of "Home Depot Team BDRs" in California; denies that this action is appropriate for treatment as a class action or that it should be maintained on behalf of any persons other than California Plaintiffs; and denies the remaining averments contained in Paragraph 52.

53.     Paragraph 53 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

54.     PPG admits that some California BDRs have left employment with PPG as BDRs during the four years prior to the filing of this Complaint.  The remaining averments in Paragraph 54 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, PPG denies those averments.

55.     Paragraph 55 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

56.     Paragraph 56 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

57.     Paragraph 57 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

58.     Paragraph 58 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

59.     Paragraph 59 of the Complaint is an inclusion Paragraph to which no response is required.

60.     Paragraph 60 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG admits that it is engaged in interstate commerce.

61.     Paragraph 61 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG admits that it or its predecessors employed Plaintiffs and denies that there are any "Collective Action members" in this matter.

62.     PPG admits that is has had annual gross operating revenues in excess of $500,000 during the time period beginning three years prior to the filing of the Complaint through April 1,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT

7.

CASE NO. 3:13-CV-04062-WHO

2013, although PPG further responds that the relevant time period for purposes of this action commenced two years prior to the filing of the Complaint, and ended on April 1, 2013.

63.     Paragraph 63 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

64.     Paragraph 64 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

65.     PPG denies the averments of Paragraph 65.

66.     PPG denies the averments of Paragraph 66.

67.     Paragraph 67 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

68.     Paragraph 68 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

69.     Paragraph 69 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

70.     Paragraph 70 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

71.     Paragraph 71 of the Complaint is an inclusion Paragraph to which no response is required.

72.     PPG denies the averments of Paragraph 72.

73.     Paragraph 73 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

74.     Paragraph 74 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

75.     Paragraph 75 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

76.     Paragraph 76 of the Complaint is a request for relief to which no response is required. To the extent a response is required, PPG denies the propriety of each request or prayer for relief and requests that the Court deny the requested relief.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT                    8.                    CASE NO. 3:13-CV-04062-WHO

77.     Paragraph 77 of the Complaint is an inclusion Paragraph to which no response is required.

78.     Paragraph 78 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

79.     Paragraph 79 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

80.     PPG admits that prior to April 1, 2013 it classified BDRs as exempt.  The remaining averments in Paragraph 80 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies those averments contained therein.

81.     Paragraph 81 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

82.     Paragraph 82 of the Complaint is a request for relief to which no response is required. To the extent a response is required, PPG denies the propriety of each request or prayer for relief and requests that the Court deny the requested relief.

83.     Paragraph 83 of the Complaint is an inclusion Paragraph to which no response is required.

84.     Paragraph 84 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

85.     PPG admits that prior to April 1, 2013 BDRs were classified as exempt.   The remaining averments in Paragraph 85 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, PPG denies those averments contained therein.

86.     Paragraph 86 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

87.     Paragraph 87 of the Complaint is a request for relief to which no response is required. To the extent a response is required, PPG denies the propriety of each request or prayer for relief and requests that the Court deny the requested relief.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT

9.

CASE NO. 3:13-CV-04062-WHO

88.     Paragraph 88 of the Complaint is an inclusion Paragraph to which no response is required.

89.     Paragraph 89 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

90.     Paragraph 90 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

91.     Paragraph 91 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

92.     Paragraph 92 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

93.     Paragraph 93 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

94.     Paragraph 94 of the Complaint is a request for relief to which no response is required.  To the extent a response is required, PPG denies the propriety of each request or prayer for relief and requests that the Court deny the requested relief.

95.     Paragraph 95 of the Complaint is an inclusion Paragraph to which no response is required.

96.     Paragraph 96 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

97.     Paragraph 97 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

98.     Paragraph 98 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

99.     Paragraph 99 of the Complaint is a request for relief to which no response is required.  To the extent a response is required, PPG denies the propriety of each request or prayer for relief and requests that the Court deny the requested relief.

100.    Paragraph 100 of the Complaint is an inclusion Paragraph to which no response is required.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT

10.

CASE NO. 3:13-CV-04062-WHO

101. Paragraph 101 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

102. Paragraph 102 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

103. Paragraph 103 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

104. Paragraph 104 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

105. Paragraph 105 of the Complaint is a request for relief to which no response is required. To the extent a response is required, PPG denies the propriety of each request or prayer for relief and requests that the Court deny the requested relief.

106. Paragraph 106 of the Complaint is an inclusion Paragraph to which no response is required.

107. Paragraph 107 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

108. Paragraph 108 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

109. Paragraph 109 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

110. Paragraph 110 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

111. Paragraph 111 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

112. Paragraph 112 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

113. Paragraph 113 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, PPG denies the averments contained therein.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT

11.

CASE NO. 3:13-CV-04062-WHO

114.    Paragraph 114 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

115.    Paragraph 115 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

116.    Paragraph 116 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

117.    Paragraph 117 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

118.    Paragraph 118 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, PPG denies the averments contained therein.

In response to Plaintiff's Prayer for Relief, PPG denies the propriety of each request or prayer for relief.  PPG requests that the Court deny the requested relief.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims, or the claims they seek to assert on behalf of others, must fail to the extent that they are barred by the applicable statute of limitations.  *See* 29 U.S.C. §§ 255-56; California Code of Civil Procedure §§ 335, 338, *et seq.,* California Labor Code § 203, and California Business and Professions Code § 17208.  The statute of limitations under the Fair Labor Standards Act ("FLSA") is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years).  Plaintiffs' claims do not arise out of a willful violation.  Furthermore, to the extent that Plaintiffs are claiming civil penalties over one year from the date of the alleged violation, Plaintiffs' claims are barred under California Code of Civil Procedure Section 340.

2.    Plaintiffs' claims, or the claims they seek to assert on behalf of others, are barred to the extent such employees were employed in a capacity exempt from the overtime requirements imposed under the FLSA and California Labor Code, pursuant to the exemption for bona fide "administrative" employees.

3.    Plaintiffs' claims, or the claims they seek to assert on behalf of others, are barred to the extent such employees were employed in a capacity exempt from the overtime requirements

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT                    12.                    CASE NO. 3:13-CV-04062-WHO

1   imposed under the FLSA and California Labor Code, pursuant to the exemption for "outside sales"

2   employees.

3       4.    Plaintiff's claims for liquidated damages must fail as PPG acted in good faith and had

4   (and continues to have) reasonable grounds to believe that its classification of Home Depot BDRs as

5   exempt was in full compliance with the FLSA and California Labor Code.

6       5.    Plaintiffs had clear mutual understandings with PPG concerning the system under

7   which they were paid during the relevant time frame, and they understood that their salary was

8   compensation for all hours worked each week (whether many or few).  Indeed, PPG compensated

9   Plaintiffs with the same salary, no matter how many hours they worked in a week, including whether

10   they worked less than or more than 40 hours in a workweek.  By accepting their regular salary for all

11   hours worked during a particular workweek, Plaintiffs have been compensated with their regular rate

12   for all hours worked during each workweek in question, leaving them with only the half-time

13   overtime premium as possible compensatory damages.

14       6.    At all material times, PPG paid Plaintiffs all sums of money to which Plaintiffs were

15   entitled as employees and their claims must fail because PPG has paid Plaintiffs all amounts

16   allegedly due and owing.

17       7.    Plaintiffs' Complaint fails to state a cognizable class under California Code of Civil

18   Procedure Section 382, or under any applicable rule or law regulating the maintenance of collective

19   or class actions, including but not limited to, Plaintiffs' failure to establish the requisite numerosity,

20   commonality, typicality of claims and defenses, and representative status and/or standing.

21       8.    Defendant acted reasonably and in reliance upon written administrative regulations,

22   order, or rulings to assure full compliance with all applicable requirements of California State law

23   relative to compensation paid to Plaintiffs.

24       9.    Defendant is informed and believes that a reasonable opportunity for investigation

25   and discovery will reveal, and on that basis alleges that the Complaint and each cause of action set

26   forth therein is barred by the equitable doctrine of waiver, estoppel, consent and/or laches.

27       10.   Plaintiffs' Complaint and each cause of action thereof fails to state a valid claim for

28   punitive, exemplary, or liquidated damages. Defendant has made good faith efforts to comply with

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST          13.          CASE NO. 3:13-CV-04062-WHO
AMENDED COMPLAINT

1   the law and as such even if, *arguendo,* Plaintiffs, or any of them, could establish any of the claims

2   alleged in the Complaint, there has been no willful violation of law.

3           11.     Plaintiffs' Complaint, and each and every cause of action contained therein, are barred

4   in whole or in part by the Due Process Clause of the California Constitution as interpreted in *Hale v.*

5   *Morgan,* 22 Cal. 3d 388 (1978), and its progeny.

6           12.     Defendant is informed and believes that further investigation and discovery will

7   reveal, and on that basis allege, that any entitlement to relief by Plaintiffs and/or those persons whom

8   they seek to represent is barred or limited by the doctrines of "avoidable consequences."

9           13.     The Complaint fails to state a claim upon which relief may be granted.

10          14.     Even if, *arguendo,* Plaintiffs, or any of them, could establish a claim for damages,

11  Plaintiffs and each of the class members Plaintiffs seek to represent, failed to mitigate such damages,

12  if any.

13          15.     The California Private Attorney General Act ("PAGA") imposes excessive fines in

14  violation of Amendment 8 of the California Constitution.

15          16.     The fines imposed by PAGA violate the substantive due process guaranteed by

16  Article I, section 7 of the California Constitution and the Fourteenth Amendment of the United

17  States Constitution.

18          17.     Plaintiffs, and the individuals on whose behalf Plaintiffs seek relief, are not entitled to

19  recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties

20  for the same claims, and such duplicative recovery is barred and constitutes unjust enrichment.

21          18.     The amount of time Plaintiffs spent engaged in the preliminary and postliminary

22  activities for which they claim to be seeking compensation was *de minimus,* and thus not

23  compensable.

24          19.     The claims of the individual Plaintiffs are misjoined as they do not assert any right to

25  relief that arises out of the same transaction or occurrence, or the same series of transactions and

26  occurrences, within the meaning of California Code of Civil Procedure section 378(a)(l).

27          20.     Defendant is informed and believes that a reasonable opportunity for investigation

28  and discovery will reveal, and on that basis alleges, that the Complaint, and each purported cause of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT

14.

CASE NO. 3:13-CV-04062-WHO

1    action therein, or some of them, are barred by Plaintiffs' own breach of duties owed to Defendant

2    under California Labor Code Sections 2853, 2854, 2856, 2857, 2858 and 2859.

3         21.    Plaintiffs' claims for penalties, including, but not limited to penalties under labor

4    Code section 203, are barred because (1) there are *bona fide* disputes as to whether further

5    compensation is due to Plaintiffs, and if so, as to the amount of such further compensation, (2)

6    Defendant has not willfully failed to pay such additional compensation, if any is owed, and (3) to

7    impose waiting time penalties in this case would be inequitable and unjust.

8         22.    Plaintiffs' Complaint, and each purported cause of action therein, is barred because

9    pursuit of a representative or collective action, in the context of the facts and circumstances of this

10   case, would constitute a denial of Defendant's due process rights and to a trial by jury, both

11   substantive and procedural, in violation of the Due Process and Equal Protection clauses of the

12   Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection

13   clauses of Article I, Section 7 of the California Constitution.

14        23.    Plaintiffs' Complaint, and each and every cause of action contained therein, is barred

15   in whole or in part by the Excessive Fines Clause of the U.S. Constitution.

16        PPG reserves the right to assert any affirmative defenses it discovers during the

17   course of this litigation, including, for example, that PPG is entitled to an offset against any damages

18   awarded for amounts paid to Plaintiffs and/or retained by Plaintiffs to which they were not otherwise

19   entitled, including but not limited to wage overpayments. PPG prays that the Court afford it leave to

20   amend its Answer and Affirmative Defenses and hereby respectfully request leave of Court to amend

21   this Answer to include those affirmative defenses that are revealed during the course of Defendant's

22   discovery.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST         15.          CASE NO. 3:13-CV-04062-WHO
AMENDED COMPLAINT

1    WHEREFORE, Defendant seeks judgment against Plaintiffs as follows:

2    1. Dismissing Plaintiffs' Complaint on the merits and with prejudice;

3    2. Awarding Defendant its attorneys' fees, costs and disbursements; and

4    3. Awarding such other relief as the Court deems just and equitable.

5

Dated: November 28, 2013

6

7

8                                           */s/ Sophia Behnia*
                                            MICHELLE B. HEVERLY
9                                           SOPHIA BEHNIA
                                            LITTLER MENDELSON, P.C.
10                                          Attorneys for Defendant
                                            PPG INDUSTRIES, INC.

11

12   Firmwide:124271808.4 034801.2076

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT                     16.                     CASE NO. 3:13-CV-04062-WHO