MICHELLE B. HEVERLY, Bar No. 178660
mheverly@littler.com
NATHALIE A. LE NGOC, Bar No. 254376
nlengnoc@littler.com
SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:     415.433.1940
Fax No.:        415.399.8490

Attorneys for Defendant
PPG INDUSTRIES, INC.


LAURA L. HO, Bar No. 173179
lho@gbdhlegal.com
MICHAEL CAESAR Bar No. 280548
mcaesar@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:    (510) 763-9800
Fax No.:       (510) 835-1417

Attorney for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIEANN TALAMANTES, ROBERT CAHIGAL, HECTOR GARCIA, DEWEY TAKAGI, BRIAN HOLLIDAY AND TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>PPG INDUSTRIES, INC.,<br><br>            Defendant. | Case No.  3:13-cv-04062<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE WILLIAM H. ORRICK<br><br>**STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES; ORDER**<br><br>FAC Filed: October 7, 2013 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Case No.  3:13-cv-04062

STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES; ORDER

## STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES

Come the parties, by counsel, and for their Stipulated Order with regard to the Plaintiffs' Motion for Conditional Certification of Collective Action (ECF No. 38), state as follows:

BE IT HEREBY ORDERED AND AGREED that pursuant to the agreement of the parties and for good cause shown, Plaintiffs' Motion for Conditional Certification of Collective Action (ECF No. 38), is GRANTED, in part, as set forth herein. While PPG Industries, Inc. ("PPG") does not concede that Plaintiffs and the members of the putative collective action are "similarly situated" pursuant to 29 U.S.C. § 216(b), the parties have agreed to "first step" conditional certification of current or former employees of PPG Industries, Inc. or its predecessor Akzo Nobel Paints LLC ("PPG/Akzo Nobel") who worked as a Home Depot Team Business Development Representative within the United States during the period beginning three years prior to the date on which the Court approves the stipulation and ending on March 31, 2013. Such eligible individuals ("potential opt-in plaintiffs") shall be given notice of this action and an opportunity to file written consents to join this action as party plaintiffs in accordance with the provisions of 29 U.S.C. § 216(b) as follows.

1. Within ten (10) business days following the Court's approval of this stipulation, PPG will provide to Plaintiffs' counsel an Excel spreadsheet listing the names and last known addresses of potential opt-in plaintiffs.

2. Plaintiffs and Plaintiffs' counsel agree that the list of names and addresses is to be kept confidential and, during the opt-in period (*i.e.*, the period of time between the date the notice and consent form is first mailed pursuant to Paragraph 3 and the date that is sixty (60) days thereafter), must be used only for purposes of the mailing described herein. Once the opt-in period has closed, Plaintiffs and their counsel may use the contact information to communicate with potential witnesses likely to possess information relevant to Plaintiffs' claims and/or PPG's asserted defenses, consistent with the applicable Rules of Professional Conduct and Rules of Civil Procedure.

3. Within five (5) business days following their receipt of the list, Plaintiffs' counsel will mail the notice and consent form (in the form attached hereto). Plaintiffs' counsel may run an address search to determine the most up to date addresses for the potential opt-in plaintiffs, and may mail the notice and consent form one time only by regular First Class U.S Mail to any and all of the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.   Case No. 3:13-cv-04062

STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES; ORDER

addresses provided and/or found for the individuals identified on the list(s) provided by PPG pursuant to Paragraph 1.

4. If notice is returned as undeliverable as to all addresses utilized for a potential opt-in plaintiff, the following procedure, which will provide sufficient time for such individual to meet the deadline for filing written consents to join this litigation set forth in Paragraph 9, shall be followed to permit one re-mailing to such individual whose notices were returned as undeliverable:

    a. Within two (2) business days of Plaintiffs' counsel's receipt of information that all notices mailed to a potential opt-in plaintiff were returned as undeliverable, Plaintiffs' counsel will notify PPG's counsel that all of the individual's notices were returned as undeliverable; and

    b. If all of a potential opt-in plaintiff's notices are returned as undeliverable prior to the deadline for filing written consents to join the litigation as set forth in Paragraph 9 and Plaintiff's counsel so notifies PPG's counsel by that deadline, then: (i) Within five (5) business days of Plaintiffs' counsel's notification to PPG's counsel of an individual's undeliverable notices, PPG's counsel will attempt to identify new information designed to facilitate an investigation of a possible forwarding address and will provide any such information to Plaintiff's counsel; and (ii) If Plaintiffs' counsel and/or PPG's counsel identifies a new mailing address for such individual, Plaintiffs' counsel will re-mail the notice to the new address provided that such re-mailing can take place no later than ten (10) business days following the deadline. The individual will then be given until the deadline set forth in Paragraph 9, or thirty (30) days, whichever is longer, to file a written consent to join the litigation.

    c. If a potential opt-in plaintiff has notices returned as undeliverable after the deadline for filing written consents to join the litigation, then the parties will "meet and confer" regarding whether and on what terms further efforts should be undertaken to notify the potential opt-in plaintiff and to provide additional time for such individual to consent to join the action.

5. During the opt-in period, Defendant and its counsel may not discourage potential opt-

3.  Case No. 3:13-cv-04062
STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES; ORDER

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

in plaintiffs from participating in the lawsuit or initiate communications with the potential opt-in plaintiffs regarding the litigation.

6. The envelope in which the notice and consent form are mailed will be substantially in the form attached hereto as **Exhibit A**.

7. The notice and consent form will be the only unsolicited communication to such individuals about the lawsuit during the opt-in period (*i.e.*, there will not be a "reminder" mailing, telephone solicitations, etc.). However, Plaintiffs and Plaintiffs' counsel may speak about the litigation with individuals who complete, sign and return the consent form or who otherwise affirmatively contact Plaintiffs or Plaintiffs' counsel with regard to the litigation.

8. Although the Parties have agreed to a three-year notice period, the Parties are not agreeing to a three-year statute of limitations on any Plaintiffs or "opt in" Plaintiffs' claim. *See* 29 U.S.C. § 255(a). PPG reserves all rights with respect to the Statute of Limitations (29 U.S.C. § 255(a)) and Plaintiffs reserve all rights with respect to equitable tolling.

9. The deadline for potential opt-in plaintiffs to file written consents to join this litigation shall be sixty (60) days from the date on which the notice and consent form are mailed as set forth in paragraph 3 above (provided that if a written consent is returned to Plaintiff's counsel by the deadline, it will not be considered untimely if it is filed within two business days following receipt by Plaintiff's counsel). This deadline shall only be extended by written agreement of the parties or by court order for good cause shown. Plaintiffs reserve all rights to file a motion to extend the deadline or re-open the consent period in case the parties cannot reach agreement.

WHEREFORE, the parties respectfully request that the Court approve the parties' stipulation regarding Plaintiffs' Motion for Conditional Certification of Collective Action (ECF No. 38) and the foregoing notice and consent procedures. Counsel for the non-filing party has consented to the filing of this stipulation by counsel for the filing party.

///

///

///

///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.   Case No. 3:13-cv-04062

STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES; ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 18, 2014         /s/ Sophia Behnia
                               MICHELLE B. HEVERLY
                               SOPHIA BEHNIA
                               LITTLER MENDELSON, P.C.
                               Attorneys for Defendant
                               PPG INDUSTRIES, INC.


DATED:  April 18, 2014         /s/ Laura L. Ho
                               LAURA L. HO
                               GOLDSTEIN, BORGEN, DARDARIAN & HO
                               Attorneys for Plaintiffs and the Putative Class


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: April 30, 2014          _____
                               HON. WILLIAM H. ORRICK
                               UNITED STATES DISTRICT COURT JUDGE

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.         Case No.  3:13-cv-04062
STIPULATION REGARDING NOTICE AND CONSENT PROCEDURES; ORDER