1  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
2  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
3  LITTLER MENDELSON, P.C.
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Fax No.:      415.399.8490
6
   Attorneys for Defendant
7  PPG INDUSTRIES, INC.

8  LAURA L. HO, Bar No. 173179
   lho@gbdhlegal.com
9  BYRON GOLDSTEIN, Bar No. 289306
   brgoldstein@gbdhlegal.com
10 GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
11 Oakland, CA 94612
   Telephone:    (510) 763-9800
12 Fax No.:      (510) 835-1417

13 Attorney for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIEANN TALAMANTES, ROBERT CAHIGAL, HECTOR GARCIA, DEWEY TAKAGI, BRIAN HOLLIDAY AND TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>PPG INDUSTRIES, INC.,<br><br>          Defendant. | Case No.  3:13-cv-04062<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE WILLIAM H. ORRICK<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>FAC Filed: October 7, 2013<br><br>CMC Requested for April 14, 2015, at 2:00 pm |

Case No. 3:13-cv-04062

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

566290.1

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

## SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

In accordance with Civil Local Rules ("L.R.") 16-9 and 16-10, the parties to the above-captioned action jointly submit this supplemental Case Management Statement and request that the Court schedule a Case Management Conference to be held on April 14, 2015, at 2:00 pm. This statement updates the Case Management Conference Statement that was filed prior to the December 3, 2013, Conference in this matter. [ECF No. 29.]

**INTRODUCTION**

Prior to April 1, 2013, Plaintiffs and other Business Development Representatives ("BDRs") were classified as exempt from the overtime protections of the FLSA and the California Labor Code. Plaintiffs allege that BDRs were misclassified as exempt and that they are entitled to unpaid wages and other relief under the FLSA and the California Labor Code. Plaintiffs are pursuing their FLSA claim as a "collective" action pursuant to 29 U.S.C. § 216(b), and those Plaintiffs who worked in California are pursuing their California Labor Code claim as a "class" action pursuant to FRCP 23.

Defendant contends that Plaintiffs were properly classified as exempt from the overtime provisions of federal and state law pursuant to the exemptions for administrative and/or outside sales employees. Defendant contends that Plaintiffs are not entitled to overtime compensation or any of the other recovery they seek. Finally, Defendant contends that Plaintiffs' claims are not amenable to resolution on a class and/or collective action basis.

The parties stipulated to "conditional certification" of Plaintiffs' FLSA claim. [ECF No. 42.] Approximately seventy-nine individuals filed written consents to participate in this action as named and/or "opt-in" party plaintiffs. The deadline for filing written consents expired in July 2014.

**ALTERNATIVE DISPUTE RESOLUTION**

The parties previously agreed that mediation will be the preferred ADR process for this matter. [ECF No. 33.] The parties also agreed that the mediation should be deferred until after issues pertaining to conditional certification were resolved (i.e., once the scope of the collective action was known). [*Id.*] The parties have agreed to use Mark Rudy as a mediator. Currently, the parties are in the process of scheduling the mediation.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

566290.1

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

**MOTION FOR CLASS CERTIFICATION**

The California Plaintiffs intend to file a motion to certify their claims under the California Labor Code as a class action under Rule 23.

The parties agree to the following briefing schedule on Plaintiffs' anticipated Rule 23 motion: (1) the deadline for Plaintiffs to file a Rule 23 motion for class certification shall be one hundred and twenty days after the entry of the supplemental CMC order; (2) the deadline for Defendant to file its opposition shall be thirty-five days after the date Plaintiffs file their Rule 23 motion; and, (3) the deadline for Plaintiffs to file a reply in support of their Rule 23 motion shall be twenty-one days after the date Defendant files its opposition. Each Party reserves the right, following a meet and confer between the parties, to move the court to modify the foregoing briefing schedule if the discovery discussed in this case management statement is not substantially complete.

After a decision on that motion, the parties expect to request a Status Conference, at which time other deadlines (e.g., fact and expert discovery, motions for decertification and/or summary judgment, pretrial submissions, etc.) would be set.

**DISCOVERY PROTOCOL**

The parties warrant that they have taken necessary steps to preserve documents and other electronically-stored evidence in their possession relevant to the issues reasonably evident in this action, including the distribution of a litigation hold notice.

The parties agree that this Court should not establish an overall deadline for the completion of discovery until after Plaintiffs' Motion for Class Certification has been disposed of by the Court. The exact length of time necessary for discovery can be more accurately determined once the scope of this action is known.

The parties agree that limiting discovery to a smaller subset of "Discovery Plaintiffs" will promote the "just, speedy and inexpensive determination" of the action. FED.R.CIV.P. 1.

Thus, the parties agree as follows:

1. A group of fifteen (15) "Discovery Plaintiffs" will be selected from the existing named and opt-in plaintiffs to participate in discovery. Individualized discovery on Plaintiffs'

2.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

566290.1

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

claims will be limited to the individual Discovery Plaintiffs. For example, PPG would not seek further individualized discovery (e.g., written discovery requests, or depositions) from the Plaintiffs who are not Discovery Plaintiffs, and Plaintiffs would not seek individualized discovery from PPG about the Plaintiffs who are not Discovery Plaintiffs (e.g., depositions of Regional Managers would be limited to those who supervised Discovery Plaintiffs). ESI would be limited to electronic communications during the period of September 3, 2009 (4 years prior to the filing of the complaint) and April 15, 2013. At the same time, if either party believes that documents or data are missing from the production, the parties will meet and confer regarding whether the document or data exists and whether that document or data should be produced. The Parties are negotiating the remaining ESI search parameters, including custodians and terms.

2. Pursuant to this protocol, the parties would be precluded from introducing evidence from or about Plaintiffs who are not Discovery Plaintiffs and who were not subject to discovery (whether in connection with a motion to decertify, or a motion for summary judgment, or at trial) regarding PPG's defenses that Plaintiffs were properly classified as exempt from the overtime provisions of federal and state law. To the extent that limited individualized disputed issues may arise with respect to damages (e.g., hours worked by each named and opt-in plaintiff, or individualized defenses that are unique to individual plaintiffs), then the parties would confer in an attempt to resolve such issues pursuant to stipulation. Each side would retain the right to move the Court for leave to conduct additional discovery with respect to Plaintiffs who are not Discovery Plaintiffs, but only upon a showing of good cause.

3. To be clear, the parties do not stipulate that this case is amendable to statistical sampling, and they do not agree that the fifteen Discovery Plaintiffs are necessarily "representative" of the named and opt-in plaintiffs with respect to the claims asserted in this action. Rather, the parties agree to limit discovery to fifteen Discovery Plaintiffs because the parties agree that this will create a more efficient process with greater benefits for all parties. In the event that the action remains certified as a collective action, the parties anticipate that this process will be sufficient for

3.

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

566290.1

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  assessing liability (either on a motion for summary judgment or at trial) with respect to the Plaintiffs'
2  FLSA claim.

3      4. With respect to Plaintiffs' anticipated motion to certify their California Labor Code
4  claims as a class action under Rule 23, pre-certification discovery with respect to individual BDRs
5  who worked in California would be limited to those named and/or opt-in Plaintiffs who worked in
6  California and who are selected as Discovery Plaintiffs. After the Court rules on Plaintiffs' motion
7  for class certification, the parties would confer on the scope of further discovery with respect to the
8  California Labor Code claims.

9  **SELECTION OF DISCOVERY PLAINTIFFS**

10     The parties have agreed on the protocol for selecting the fifteen (15) Discovery Plaintiffs:

11     Five (5) were selected by Plaintiffs: Talamantes, Cahigal, Garcia, Takagi, and
12 Diemer. These individuals will serve as the putative class representatives on Plaintiffs California
13 Labor Code claims pursuant to FRCP 23(a).

14     Five (5) were selected by PPG: Blaine Fish, Brian Holliday, Susan Brewster, Richard
15 Cloonan, and Marcia Lowe.

16     Five (5) were selected at random from the remaining named and opt-in plaintiffs
17 (excluding those who worked for PPG in California): David Fester, Mark Knoke, William Lowe,
18 Eric Petersen, and Raul Rivera.

19     To the extent any of the Discovery Plaintiffs are later dismissed from the case either
20 voluntarily or involuntarily, the dismissed Discovery Plaintiff will be replaced in the same manner in
21 which the Discovery Plaintiff was selected originally (*i.e.* if the Discovery Plaintiff was Plaintiff's
22 selection, Plaintiff would select the replacement; if the Discovery Plaintiff was PPG's selection, PPG
23 would select the replacement; and if the Discovery Plaintiff was a random selection, the replacement
24 would be randomly selected from the remaining pool of plaintiffs in the same manner as the original
25 random selection).

26
27
28

4.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

566290.1

Dated: March 10, 2015

/s/ Sophia Behnia
KARIN M. COGBILL
SOPHIA BEHNIA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PPG INDUSTRIES, INC.

Dated: March 10, 2015

/s/ Byron Goldstein
BYRON GOLDSTEIN
GOLDSTEIN, BORGEN, DARDARIAN & HO
Attorneys for Plaintiffs and the Putative Class

Firmwide:132174178.1 034801.2076

5.

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

566290.1

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940