UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIEANN TALAMANTES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PPG INDUSTRIES, INC.,<br><br>    Defendant. | Case No. 13-cv-04062-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DKT. NO. 107** |

Before the Court is the Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1. **Preliminary Certification of the Settlement Classes.**

**California Rule 23 Class.**  For the purposes of settlement only, the Court preliminarily finds that the proposed California Rule 23 Class, as defined in the Settlement Agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, the Court certifies for settlement purposes only the following proposed California Rule 23 Class:

> All individuals who are identified by Defendant as having worked as a Home Depot Business Development Representative for PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and or any predecessor (including Akzo Nobel Paints LLC) in California during any workweek from September 3, 2009 through March 31, 2013, excluding, however, any member of the FLSA Class.

The California Rule 23 Class Members are identified by name in Exhibit B of the Agreement. Not later than seven (7) days after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the California Rule 23 Class Members.

**FLSA Class.** For purposes of the Agreement, the "FLSA Class" is comprised of the Named Plaintiffs and those other individuals who filed (and did not withdraw) written consents to join this action pursuant to 29 U.S.C. § 216(b). The FLSA Class Members are identified by name in Exhibit A of the Agreement. Named Plaintiffs and Class Counsel represented that they were fully authorized to enter into the Agreement and to bind the FLSA Class Members to the terms and conditions of this Agreement.

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement Agreement is not finally approved by the Court or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives.** With respect to the California Rule 23 Class, the Court grants preliminary approval to Named Plaintiffs Lucieann Talamantes, Robert Cahigal, Hector Garcia, Dewey Takagi, and Tina Diemer, to serve as the Class Representatives.

4. **Class Counsel.** The Court conditionally appoints as Class Counsel for the California Rule 23 Class Laura L. Ho, Byron Goldstein, William C. Jhaveri-Weeks, of the law firm of Goldstein, Borgen, Dardarian & Ho (300 Lakeside Drive, Suite 1000, Oakland, CA 94612) and Bruce Fox and Andrew Horowitz of the law firm of Obermayer Rebmann Maxwell and Hippel LLC (BNY Mellon Center, 500 Grant Street, Suite 5240, Pittsburgh, PA 15219).

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval

Hearing, as provided in Paragraph 7 below. The Notice of the proposed Settlement should be given as provided in the Settlement Agreement and set forth in Paragraph 8 below.

6.  **Claims Administrator.** KCC Class Action Services, LLC (the "Claims Administrator"), is approved as administrator of the claims process as set forth in the Settlement Agreement.

7.  **Fairness Hearing.** Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on January 6, 2016 at 2:00 PM to consider final approval of the Agreement. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

8.  **Notice to the California Rule 23 Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as Exhibit E to the Agreement is approved. The Court orders that the Claims Administrator mail the Notice Materials as set forth in the Agreement to the members of the California Rule 23 Class who are not already a Named or Opt-in Plaintiff as listed on Exhibit A of the Agreement.

9.  **Exclusion from the Settlement.** Any member of the California Rule 23 Class who is not already a Named or Opt-in Plaintiff as listed on Exhibit A of the Agreement, who wishes to not participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Claims Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be post-marked within thirty (30) days following the date of the initial mailing of the Rule 23 Notice Packet.

10. **Objections.** Any California Rule 23 Class Members, who are not already a Named or Opt-in Plaintiff as listed on Exhibit A, who wish to present objections to the proposed settlement at the Fairness Hearing may do so first in writing. Such objections must (a) clearly

identify the case name and number (*Talamantes et al.* v. *PPG Industries, Inc.*, Case Number 3:13-cv-04062-WHO), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before (30) days after the initial mailing of the Notice by the Claims Administrator.

An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector may withdraw his or her objections at any time. Any California Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

11. At least 14 days before the deadline to object to or opt out of the Settlement, Class Counsel shall file their motion for attorneys' fees, costs, and class representative enhancements.

12. **Effect of the Agreement.** All Named and Opt-in Plaintiffs shall be bound by the terms and conditions of the Settlement Agreement (if the Settlement Agreement is finally approved by the Court). All members of the California Rule 23 Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Settlement Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Settlement Agreement.

13. **Voiding the Agreement.** Pursuant to the Settlement Agreement, if 20% or more of the members of the California Rule 23 Class elect to be excluded from the California Rule 23 Class, Defendant will have the right, in its sole discretion, to void this Settlement Agreement by filing with the Court a notice as set forth in the Settlement Agreement. If Defendant files a timely

4

notice, then this Settlement Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Settlement Agreement.

14. **Order for Settlement Purposes.**  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

15. **Stay.**  All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court.

16. **Use of Agreement and Ancillary Items.**  Neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any related or similar action for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Date:   October 16, 2015



Hon. William H. Orrick
United States District Judge