**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCIEANN TALAMANTES, ROBERT CAHIGAL, HECTOR GARCIA, DEWEY TAKAGI, BRIAN HOLLIDAY AND TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No.: C 13-04062 WHO<br><br>**ORDER APPROVING SETTLEMENT OF CLAIMS OF FLSA CLASS MEMBERS AND CALIFORNIA RULE 23 CLASS MEMBERS** |

Before the Court is the Plaintiffs' Motion for an Order (1) granting final approval to the settlement of FLSA claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matter; (2) granting final approval to the California Rule 23 class action settlement described in the Agreement; (3) granting approval of payment to the claims administrator; and (4) dismissing the Civil Action with prejudice in accordance with the terms of the Agreement. Also before the Court is Plaintiffs' unopposed motion for an Order approving plaintiffs' application for attorney's fees and costs and approving plaintiffs' application for enhancement payments as provided for in the Agreement.

The Court preliminarily approved the Agreement, a copy of which was attached to the Preliminary Approval Motion, in this action by order entered on October 16, 2015 (the "Preliminary Approval Order").

On January 6, 2016, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motions are GRANTED. The Court ORDERS as follows:

1. **Final Certification of the Settlement Classes.** The FLSA Class is comprised of the Named Plaintiffs and those other individuals who filed (and did not withdraw) written consents to join this action pursuant to 29 U.S.C. § 216(b). The members of the FLSA Class are identified in the Settlement Agreement in Exhibit A, as well as three individuals who filed consent forms during the Settlement Notice period, whose participation in the Settlement was agreed to by counsel for both Parties (ECF Nos. 110, 114, 116). The California Rule 23 Class is comprised of all individuals who were identified by Defendant as having worked as a Home Depot Business Development Representative for PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and/or any predecessor (including Akzo Nobel Paints LLC) in California during any workweek from September 3, 2009 through March 31, 2013, excluding, however, the members of the FLSA Class. The members of the California Rule 23 Class are identified in the Settlement Agreement in Exhibit B. The Court finds that the California Rule 23 Class, as defined in the Agreement, meets the

requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the California Rule 23 Class.

2. **Class Representatives.** For purposes of settlement, the Court appoints as Class Representatives for the California Rule 23 Class Plaintiffs, Lucieann Talamantes, Robert Cahigal, Hector Garcia, Dewey Takagi, and Tina Diemer.

3. **Class Counsel.** For purposes of settlement, the Court appoints as Class Counsel for the California Rule 23 Class Laura L. Ho, Byron Goldstein, William C. Jhaveri-Weeks, of the law firm of Goldstein, Borgen, Dardarian & Ho (300 Lakeside Drive, Suite 1000, Oakland, CA 94612) and Bruce Fox and Andrew Horowitz of the law firm of Obermayer Rebmann Maxwell and Hippel LLP (BNY Mellon Center 500 Grant Street Suite 5240 Pittsburgh, PA 15219).

4. **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Plaintiffs, the FLSA Class and the California Rule 23 Class, reached by the Parties after extensive discovery and intensive arms-length negotiations with the assistance of an experienced mediator.

The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the FLSA Class and California Rule 23 Class. It achieves a definite and certain result for the benefit of the FLSA Class and California Rule 23 Class that is preferable to continuing litigation in which the FLSA Class and California Rule 23 Class would necessarily confront substantial risk, uncertainty, delay, and cost. The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a *bona fide* dispute between the Plaintiffs, FLSA Class Members and California Rule 23 Class Members, and the Defendant.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the FLSA Class and California Rule 23 Class in accordance with the terms of the Agreement, excepting only those individuals, if any, who effectively excluded themselves from the California Rule 23 Class in accordance with the terms of the Agreement.

5. **Notice to the California Rule 23 Class.** The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all

members of the California Rule 23 Class with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Attorneys' Fees and Litigation Expenses.** The Court approves Class Counsel's requested fees award of $1,666,667. The Court finds this fee award is justified. The Court finds that the Expenses Payment requested in plaintiffs' unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount for litigation expenses actually incurred in the prosecution of this litigation. The Claims Administrator shall be awarded up to $16,000 for its reasonable fees and expenses incurred in the administration of the settlement.

7. **Enhancement Payments.** The Enhancement Payments to the Named Plaintiffs as set forth in the Agreement are approved for their substantial services for the benefit of the settlement classes.

8. **Administering the Settlement of Claims.** The Parties shall administer the settlement as set forth in the Agreement.

9. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Named Plaintiffs, FLSA Class Members and California Rule 23 Class Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

10. **Dismissal with Prejudice.** All claims in this action are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against Defendant.

11. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**So ordered.**

Dated: January 6, 2016

Hon. William H. Orrick
U.S. District Judge